ANTON HANDAL (Bar No. 113812)
anh@handal-law.com
PAMELA C. CHALK (Bar No. 216411)
pchalk@handal-law.com
GABRIEL HEDRICK (Bar No. 220649)
ghedrick@handal-law.com
HANDAL & ASSOCIATES
750 B Street, Suite 2510
San Diego, California 92101
Tel: 619.544.6400
Fax: 619.696.0323

Attorneys for Plaintiff
e.Digital Corporation

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| e.Digital Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ShenZhen Gospell Smarthome Electronic Co., Ltd. (dba Oco Camera); Ivideon LLC (dba Oco Camera); Global Innovations; and, New Sight Devices Corp.<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff e.Digital Corporation ("e.Digital" or "Plaintiff"), by and through its undersigned counsel, complains and alleges against Defendants ShenZhen Gospell Smarthome Electronic Co., Ltd. (dba Oco Camera); Ivideon LLC (dba Oco Camera); Global Innovations; and, New Sight Devices Corp. (collectively referred to hereafter referred to as "Oco" or "Defendant" or "Defendants") as follows:

## NATURE OF THE ACTION

　　1.　　This is a civil action for infringement of a patent arising under the

laws of the United States relating to patents, 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 271, 281. Plaintiff e.Digital seeks a preliminary and permanent injunction and monetary damages for patent infringement.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101, *et seq.*

3. Venue properly lies within the Northern District of California pursuant to the provisions of 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b) and/or Local Civil Rule 3-12. On information and belief, Defendant conducts substantial business directly and/or through third parties or agents in this judicial district by selling and/or offering to sell the infringing products and/or by conducting other business in this judicial district. Furthermore, Plaintiff e.Digital has been harmed by Defendant's conduct, business transactions and sales in this district.

4. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant transacts continuous and systematic business within the State of California and the Northern District of California. In addition, this Court has personal jurisdiction over the Defendant because, on information and belief, this lawsuit arises out of Defendant's infringing activities, including, without limitation, the making, using, selling and/or offering to sell infringing products in the State of California and the Northern District of California. Finally, this Court has personal jurisdiction over Defendant because, on information and belief, Defendant has made, used, sold and/or offered for sale its infringing products and placed such infringing products in the stream of interstate commerce with the expectation that such infringing products would be made, used, sold and/or offered for sale within the State of California and the Northern District of California.

5. Upon information and belief, certain of the products manufactured by

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

or for Defendant have been and/or are currently sold and/or offered for sale at, among other places, the Amazon.com website at http://www.amazon.com/Oco-Monitoring-Camera-powered-ivideon/dp/B0007y96IM; the Sears website located at http://www.sears.com/oco-cloud-wi-fi-monitoring-smart-camera/p-SPM11818423219, and/or the Walmart website located at http://www.walmart.com/ip/Global-Innovations-Oco-CO-14US-Indoor-WiFi-Cloud-Security-Camera-Black/42279882 to consumers including, but not limited to, consumers located within the State of California.

## PARTIES

6. Plaintiff e.Digital is a Delaware corporation with its headquarters and principal place of business at 16870 West Bernardo Drive, Suite 120, San Diego, California 92127.

7. Upon information and belief, Defendant ShenZhen Gospell Smarthome Electronic Co., Ltd. (dba Oco Camera) is a business entity organized and existing under the laws of the People's Republic of China ("China"), with an office and principal place of business located at F12, F518 Idea Land, Baoyuan Road, Baoan Central Area, Shenzhen City, People's Republic of China. Upon information and belief, ShenZhen Gospell Smarthome Electronic Co., Ltd. does business as Oco in the United States.

8. Upon information and belief, Defendant Ivideon LLC is a corporation registered and lawfully existing under the laws of the State of Nevada, with an office and principal place of business located at 5348 Vegas Dr., Las Vegas, Nevada, 89108. Upon information and belief, Ivideon LLC does business as Oco in the United States. Upon information and belief, Ivideon LLC Corp. handles in total or in part customer service related to the accused products, providing, among other things, instructions to customers on how to use the Oco Camera and, thereby infringe upon the patents at issue. Upon information and belief, the customer service phone number listed in Oco user manuals/instructional guides, and/or on its

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT* -3-

website www.getoco.com is 1-888-683-8950 which is the phone number for Ivideon LLC.

9. Upon information and belief, Defendant Global Innovations Inc. is a corporation registered and lawfully existing under the laws of the State of Washington, with an office and principal place of business located at 2519 15th Ave S. Seattle, WA 98144. Upon information and belief, Global Innovations Inc. is a U.S. importer and distributor of the accused products.

10. Upon information and belief, Defendant New Sight Devices Corp. is a corporation registered and lawfully existing under the laws of the State of Delaware, with an office and principal place of business located at 3524 Silverside Road Suite 35b, Wilmington, DE 19810-4929. Upon information and belief, New Sight Devices Corp. does business as Oco in the United States. Upon information and belief, New Sight Devices Corp. handles in total or in part customer service related to the accused products, providing, among other things, instructions to customers on how to use the Oco Camera and, thereby infringe upon the patents at issue. For example, upon information and belief, New Sight Devices Corp. has and continues to answer customer queries about the Oco Camera posted on Amazon.com.

11. Upon information and belief, Defendants do business under different names including but not limited to the brand name of Oco.

12. Upon information and belief, Defendants does business under different names including but not limited to the brand name of Ivideon.

## THE ACCUSED PRODUCTS

13. The Defendant's accused products for purposes of the asserted patents include but are not limited to the Defendant's Oco wireless camera systems, which include, without limitation, Defendant's subscription Ivideon Recording Services and server for remote monitoring and communication.

14. By way of example, information about and demonstration videos

showing how to infringe the asserted patents are posted by Defendant on its website(s) at www.getoco.com, www.ivideon.com, and/or public websites.

15. Defendant also provides operating manuals, user guides, instructional/informational videos on its website(s) that instruct customers and end-users on how to purchase the Defendant's cameras and set them up in conjunction with the Defendant's servers. Among other things, the Defendant provides informational materials that lays out step-by-step instructions on how to set up an apparatus or system that infringes the asserted claims of the asserted patents on its website(s) such as on its Google + website located at https://plus.google.com/106386554013217486518/videos and/or Youtube website located at https://m.youtube.com/watch?v+augw1vX3H5U.

16. Plaintiff believes and thereupon alleges that Defendant is aware that its customers and end-users are using the accused products in an infringing manner based on, among other things: 1) the discussions, questions, answers, and/or comments posted on its websites, on Amazon.com, and/other other public websites where Defendant's authorized agents, customers and/or end-users discuss and disclose the use of the accused products, a process which Defendant knows infringes upon patent; and/or, 2) the fact that Defendant encourages its customers and end-users to use the accused products in an infringing manner as set forth herein including but not limited to offering every purchaser of a Defendant a free trial subscription to its cloud-based services.

## THE ASSERTED PATENTS

17. On November 6, 2012, the United States and Trademark office, duly and legally issued United States Patent No. 8,306,514, entitled "System and Method for Managing Mobile Communications" ("the '514 patent"). The patent's named invertor is Patrick Nunally and Plaintiff e.Digital is assignee and owner of the entire right, title and interest in and to the '514 patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '514

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT*  -5-

patent is attached hereto as Exhibit "A".

18. On November 13, 2012, the United States and Trademark office, duly and legally issued United States Patent No. 8,311,522, entitled "System and Method for Managing Mobile Communications" ("the '522 patent"). The patent's named invertor is Patrick Nunally and Plaintiff e.Digital is assignee and owner of the entire right, title and interest in and to the '522 patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '522 patent is attached hereto as Exhibit "B".

19. On November 13, 2012, the United States and Trademark office, duly and legally issued United States Patent No. 8,311,523, entitled "System and Method for Managing Mobile Communications" ("the '523 patent"). The patent's named invertor is Patrick Nunally and Plaintiff e.Digital is assignee and owner of the entire right, title and interest in and to the '523 patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '523 patent is attached hereto as Exhibit "C".

20. On November 13, 2012, the United States and Trademark office, duly and legally issued United States Patent No. 8,311,524, entitled "System and Method for Managing Mobile Communications" ("the '524 patent"). The patent's named invertor is Patrick Nunally and Plaintiff e.Digital is assignee and owner of the entire right, title and interest in and to the '524 patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '524 patent is attached hereto as Exhibit "D".

21. On November 20, 2012, the United States and Trademark office, duly and legally issued United States Patent No. 8,315,619, entitled "System and Method for Managing Mobile Communications" ("the '619 patent"). The patent's named invertor is Patrick Nunally and Plaintiff e.Digital is assignee and owner of the entire right, title and interest in and to the '619 patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '619

*HANDAL & ASSOCIATES*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT* -6-

patent is attached hereto as Exhibit "E".

# COUNT ONE

## INFRINGEMENT OF THE '514 PATENT BY DEFENDANT

22. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 21 above.

23. Defendant has knowledge of infringement of the '514 patent since at least the filing of this complaint.

24. The accused products, alone or in combination with other products, directly or alternatively under the doctrine of equivalents practice each of the limitations of claims 5, and 6 of the '514 patent in violation of 35 U.S.C. § 271(a).

25. Defendant's product literature, materials and instructional videos advertise and encourage customers to use the accused product(s) for remote monitoring, which utilizes the devices described by the '514 patent and in a manner Defendant knows infringes the patent.

26. Plaintiff thereupon alleges on information and belief that Defendant has, in the United States, without authority, actively induced and continues to actively induce infringement of claims 5, and 6 of the '514 patent in violation of 35 U.S.C. § 271(b). In particular, Plaintiff alleges that the claims of the '514 patent are directly infringed by Defendant in violation of 35 U.S.C. § 271(a) in the course of their normal use. Also, Defendant encourages others to directly infringe the claims of the '514 patent by among other things, advertising and promoting the sale and use of the accused products. Plaintiff also alleges that Defendant has knowingly induced and continues to induce infringement of the '514 patent by providing operating manuals, guides, instructional and /or informational videos and other materials designed to instruct others how to use the products in an infringing

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT* -7-

1 manner as more fully described herein.

2     27. Plaintiff similarly alleges upon information and belief that Defendant, without authority, has contributed and continues to contribute to the infringement of claims 5, and 6 patent in violation of 35 U.S.C. § 271(c) by importing into the United States, selling and/or offering to sell within the United States accused products that it knows (a) infringe the aforementioned claims of the '514 patent by embodying a System and Method for Managing Mobile Communications which includes Defendant's wireless camera systems, and without limitation, Defendant's server and subscription services for remote monitoring and communication as material components of the accused products, (b) which were made and/or especially adapted for use in the accused products, (c) which the Defendant knows to be especially adapted for use in infringing the '514 patent, and (d) are not staple articles of commerce suitable for substantial non-infringing use with respect to the '514 patent.

    28. Plaintiff is informed and believes that Defendant sells, ships or otherwise delivers the accused products in the United States with all the features required to infringe the asserted claims of the '514 patent and that the accused products are designed to practice the infringing features.

    29. Plaintiff has thus been irreparably harmed by these acts of infringement and has no adequate remedy at law. Plaintiff asserts upon information and belief that infringement of the '514 patent is ongoing and will continue unless Defendant is enjoined from further infringement by the court.

## COUNT TWO

### INFRINGEMENT OF THE '522 PATENT BY DEFENDANT

    30. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 21 above.

    31. Defendant has knowledge of infringement of the '522 patent since at least the filing of this complaint.

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT* -8-

32. The accused products, alone or in combination with other products, directly or alternatively under the doctrine of equivalents practice each of the limitations of claims 1, 3, 6, 17, 21, 22, 23, 24 and 25 of the '522 patent in violation of 35 U.S.C. § 271(a).

33. Defendant's product literature, materials and instructional videos advertise and encourage customers to use the accused product(s) for remote monitoring, which utilizes the devices described by the '522 patent and in a manner Defendant knows infringes the patent.

34. Plaintiff thereupon alleges on information and belief that Defendant has, in the United States, without authority, has actively induced and continues to actively induce infringement of claims 1, 3, 6, 17, 21, 22, 23, 24 and 25 of the '522 patent in violation of 35 U.S.C. § 271(b). In particular, Plaintiff alleges that the claims of the '522 patent are directly infringed by Defendant in violation of 35 U.S.C. § 271(a) in the course of their normal use. Also, Defendant encourages others to directly infringe the claims of the '522 patent by among other things, advertising and promoting the sale and use of the accused products. Plaintiff also alleges that Defendant has knowingly induced and continues to induce infringement of the '522 patent by providing operating manuals, guides, instructional and /or informational videos and other materials designed to instruct others how to use the products in an infringing manner as more fully described herein.

35. Plaintiff similarly alleges upon information and belief that Defendant, without authority, has contributed and continues to contribute to the infringement of claims 1, 3, 6, 17, 21, 22, 23, 24 and 25 of the '522 patent in violation of 35 U.S.C. § 271(c) by importing into the United States, selling and/or offering to sell within the United States accused products that it knows (a) infringe the aforementioned claims of the '522 patent by embodying a System and Method for Managing Mobile Communications which includes Defendant's wireless camera

*HANDAL & ASSOCIATES*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT* -9-

systems, and without limitation, Defendant's server and subscription services for remote monitoring and communication as material components of the accused products, (b) which were made and/or especially adapted for use in the accused products, (c) which the Defendant knows to be especially adapted for use in infringing the '522 patent, and (d) are not staple articles of commerce suitable for substantial non-infringing use with respect to the '522 patent.

36. Plaintiff is informed and believes that Defendant sells, ships or otherwise delivers the accused products in the United States with all the features required to infringe the asserted claims of the '522 patent and that the accused products are designed to practice the infringing features.

37. Plaintiff has thus been irreparably harmed by these acts of infringement and has no adequate remedy at law. Plaintiff asserts upon information and belief that infringement of the '522 patent is ongoing and will continue unless Defendant is enjoined from further infringement by the court.

## COUNT THREE

## INFRINGEMENT OF THE '523 PATENT BY DEFENDANT

38. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 21 above.

39. Defendant has knowledge of infringement of the '523 patent since at least the filing of this complaint.

40. The accused products, alone or in combination with other products, directly or alternatively under the doctrine of equivalents practice each of the limitations of claims 1, 3, 10, 19, and 26 of the '523 patent in violation of 35 U.S.C. § 271(a).

41. Defendant's product literature, materials and instructional videos advertise and encourage customers to use the accused product(s) for remote monitoring, which utilizes the devices described by the '523 patent and in a manner Defendant knows infringes the patent.

*HANDAL & ASSOCIATES*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT* -10-

42. Plaintiff thereupon alleges on information and belief that Defendant has, in the United States, without authority, has actively induced and continues to actively induce infringement of claims 1, 3, 10, 19, and 26 of the '523 patent in violation of 35 U.S.C. § 271(b). In particular, Plaintiff alleges that the claims of the '523 patent are directly infringed by Defendant in violation of 35 U.S.C. § 271(a) in the course of their normal use. Also, Defendant encourages others to directly infringe the claims of the '523 patent by among other things, advertising and promoting the sale and use of the accused products. Plaintiff also alleges that Defendant has knowingly induced and continues to induce infringement of the '523 patent by providing operating manuals, guides, instructional and /or informational videos and other materials designed to instruct others how to use the products in an infringing manner as more fully described herein.

43. Plaintiff similarly alleges upon information and belief that Defendant, without authority, has contributed and continues to contribute to the infringement of claims 1, 3, 10, 19, and 26 of the '523 patent in violation of 35 U.S.C. § 271(c) by importing into the United States, selling and/or offering to sell within the United States accused products that it knows (a) infringe the aforementioned claims of the '523 patent by embodying a System and Method for Managing Mobile Communications which includes Defendant's wireless camera systems, and without limitation, Defendant's server and subscription services for remote monitoring and communication as material components of the accused products, (b) which were made and/or especially adapted for use in the accused products, (c) which the Defendant knows to be especially adapted for use in infringing the '523 patent, and (d) are not staple articles of commerce suitable for substantial non-infringing use with respect to the '523 patent.

44. Plaintiff is informed and believes that Defendant sells, ships or otherwise delivers the accused products in the United States with all the features required to infringe the asserted claims of the '523 patent and that the accused

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT* -11-

products are designed to practice the infringing features.

45. Plaintiff has thus been irreparably harmed by these acts of infringement and has no adequate remedy at law. Plaintiff asserts upon information and belief that infringement of the '523 patent is ongoing and will continue unless Defendant is enjoined from further infringement by the court.

## COUNT FOUR

## INFRINGEMENT OF THE '524 PATENT BY DEFENDANT

46. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 21 above.

47. Defendant has knowledge of infringement of the '524 patent since at least the filing of this complaint.

48. The accused products, alone or in combination with other products, directly or alternatively under the doctrine of equivalents practice each of the limitations of claims 1 of the '524 patent in violation of 35 U.S.C. § 271(a).

49. Defendant's product literature, materials and instructional videos advertise and encourage customers to use the accused product(s) for remote monitoring, which utilizes the devices described by the '524 patent and in a manner Defendant knows infringes the patent.

50. Plaintiff thereupon alleges on information and belief that Defendant has, in the United States, without authority, actively induced and continues to actively induce infringement of claims 1 of the '524 patent in violation of 35 U.S.C. § 271(b). In particular, Plaintiff alleges that the claims of the '524 patent are directly infringed by Defendant in violation of 35 U.S.C. § 271(a) in the course of their normal use. Also, Defendant encourages others to directly infringe the claims of the '524 patent by among other things, advertising and promoting the sale and use of the accused products. Plaintiff also alleges that Defendant has knowingly induced and continues to induce infringement of the '524 patent by providing operating manuals, guides, instructional and /or informational videos and

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT* -12-

other materials designed to instruct others how to use the products in an infringing manner as more fully described herein.

51.  Plaintiff similarly alleges upon information and belief that Defendant, without authority, has contributed and continues to contribute to the infringement of claims 1 of the '524 patent in violation of 35 U.S.C. § 271(c) by importing into the United States, selling and/or offering to sell within the United States accused products that it knows (a) infringe the aforementioned claims of the '524 patent by embodying a System and Method for Managing Mobile Communications which includes Defendant's wireless camera systems, and without limitation, Defendant's server and subscription services for remote monitoring and communication as material components of the accused products, (b) which were made and/or especially adapted for use in the accused products, (c) which the Defendant knows to be especially adapted for use in infringing the '524 patent, and (d) are not staple articles of commerce suitable for substantial non-infringing use with respect to the '524 patent.

52.  Plaintiff is informed and believes that Defendant sells, ships or otherwise delivers the accused products in the United States with all the features required to infringe the asserted claims of the '524 patent and that the accused products are designed to practice the infringing features.

53.  Plaintiff has thus been irreparably harmed by these acts of infringement and has no adequate remedy at law.  Plaintiff asserts upon information and belief that infringement of the '524 patent is ongoing and will continue unless Defendant is enjoined from further infringement by the court.

## COUNT FIVE

### INFRINGEMENT OF THE '619 PATENT BY DEFENDANT

54.  Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 21 above.

55.  Defendant has knowledge of infringement of the '619 patent since at

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT* -13-

least the filing of this complaint.

56. The accused products, alone or in combination with other products, directly or alternatively under the doctrine of equivalents practice each of the limitations of claims 1, 3, 19, and 32 of the '619 patent in violation of 35 U.S.C. § 271(a).

57. Defendant's product literature, materials and instructional videos advertise and encourage customers to use the accused product(s) for remote monitoring, which utilizes the devices described by the '619 patent and in a manner Defendant knows infringes the patent.

58. Plaintiff thereupon alleges on information and belief that Defendant has, in the United States, without authority, actively induced and continues to actively induce infringement of claims 1, 3, 19, and 32 of the '619 patent in violation of 35 U.S.C. § 271(b). In particular, Plaintiff alleges that the claims of the '619 patent are directly infringed by Defendant in violation of 35 U.S.C. § 271(a) in the course of their normal use. Also, Defendant encourages others to directly infringe the claims of the '619 patent by among other things, advertising and promoting the sale and use of the accused products. Plaintiff also alleges that Defendant has knowingly induced and continues to induce infringement of the '619 patent by providing operating manuals, guides, instructional and /or informational videos and other materials designed to instruct others how to use the products in an infringing manner as more fully described herein.

59. Plaintiff similarly alleges upon information and belief that Defendant, without authority, has contributed and continues to contribute to the infringement of claims 1, 3, 19, and 32 of the '619 patent in violation of 35 U.S.C. § 271(c) by importing into the United States, selling and/or offering to sell within the United States accused products that it knows (a) infringe the aforementioned claims of the '619 patent by embodying a System and Method for Managing Mobile Communications which includes Defendant's wireless camera systems, and

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT* -14-

without limitation, Defendant's server and subscription services for remote monitoring and communication as material components of the accused products, (b) which were made and/or especially adapted for use in the accused products, (c) which the Defendant knows to be especially adapted for use in infringing the '619 patent, and (d) are not staple articles of commerce suitable for substantial non-infringing use with respect to the '619 patent.

60.   Plaintiff is informed and believes that Defendant sells, ships or otherwise delivers the accused products in the United States with all the features required to infringe the asserted claims of the '619 patent and that the accused products are designed to practice the infringing features.

61.   Plaintiff has thus been irreparably harmed by these acts of infringement and has no adequate remedy at law.   Plaintiff asserts upon information and belief that infringement of the '619 patent is ongoing and will continue unless Defendant is enjoined from further infringement by the court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1.   That Defendants be declared to have infringed the Patents-in-Suit;

2.   That Defendants, Defendants' officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from infringement of the Patents-in-Suit, including but not limited to any making, using, offering for sale, selling, or importing of unlicensed infringing products within and without the United States;

3.   Compensation for all damages caused by Defendants' infringement of the Patents-in-Suit to be determined at trial;

4.   A finding that this case is exceptional and an award of reasonable attorneys fees pursuant to 35 U.S.C. § 285;

5.   Granting Plaintiff pre-and post-judgment interest on its damages, together with all costs and expenses; and,

*HANDAL & ASSOCIATES*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT*                -15-

6. Awarding such other relief as this Court may deem just and proper.

**HANDAL & ASSOCIATES**

Dated: February 13, 2015

By: /s/Pamela C. Chalk
Anton N. Handal
Pamela C. Chalk
Gabriel G. Hedrick
Attorneys for Plaintiff
e.Digital Corporation

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims.

                            **HANDAL & ASSOCIATES**

Dated: February 13, 2015      By: /s/Pamela C. Chalk
                                              Anton N. Handal
                                              Pamela C. Chalk
                                              Gabriel G. Hedrick
                                              Attorneys for Plaintiff
                                              e.Digital Corporation

**HANDAL & ASSOCIATES**
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT*                      -17-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on this date to all counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system per CivLR 5.1(h). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 13th day of February 2015 at San Diego, California.

Dated: February 13, 2015

**HANDAL & ASSOCIATES**

By: /s/Pamela C. Chalk
Anton N. Handal
Pamela C. Chalk
Gabriel G. Hedrick
Attorneys for Plaintiff
e.Digital Corporation

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT* -18-