UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.DIGITAL CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>IVIDEON LLC, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-00691-JST<br><br>**ORDER TO SHOW CAUSE**<br>Re: ECF No. 34 |

　　　　Presently before the Court is Plaintiff's motion for default judgment. ECF No. 34. When, as here, "entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In Re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). A court may "dismiss an action *sua sponte* for lack of personal jurisdiction." Id. However, when there are questions regarding personal jurisdiction, a district court should permit the plaintiff a chance to establish that jurisdiction is proper. See id. at 712–13.

　　　　Neither Plaintiff's complaint nor its motion for default judgment establishes that the Court has personal jurisdiction over the remaining defendants in this case. The Court notes that "[w]here, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." Id. at 800–01. The relevant question, therefore, is whether the nonresident Defendants have "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Id. at 801 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

There are two types of personal jurisdiction: "general or all-purpose" and "specific or case-linked." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2851 (2011). General jurisdiction permits jurisdiction over a defendant even when the claims at issue do not arise from or relate to activity in that forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 n.15 (1985). A court may assert general personal jurisdiction over defendants "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear, 131 S.Ct. at 2851 (quoting Int'l Shoe, 326 U.S. at 317). While Plaintiff alleges that "Defendant transacts continuous and systematic business within the State of California and the Northern District of California," ECF No. 1 ¶ 4, Plaintiff has alleged no facts supporting this legal conclusion.

"Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Goodyear, 131 S.Ct. at 2851 (internal quotation marks omitted). "As for specific jurisdiction, the [Federal Circuit] looks to 'whether (1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) asserting personal jurisdiction is reasonable and fair.'" Google, Inc. v. Eolas Techs. Inc., No. 13-cv-05997-JST, 2014 WL 2916621, at *2 (N.D. Cal. June 24, 2014) (quoting Elecs. for Imaging, Inc. v. Coyle, 340 F.3d 1344, 1350 (Fed. Cir. 2003)).

Here, Plaintiff alleges that "this Court has personal jurisdiction over the Defendant because . . . this lawsuit arises out of Defendant's infringing activities, including . . . the making, using, selling and/or offering to sell infringing products in the State of California and the Northern District of California." ECF No. 1 ¶ 4. Once again, however, this legal conclusion is not supported by any facts alleged in Plaintiff's complaint regarding the remaining defendants in this case. See id. ¶¶ 8–10. In particular, Plaintiff does not specifically allege that any of the remaining defendants have sold any of the accused products into the State of California. See id. Rather, Defendants Ivideon LLC and New Sight Devices Corp. are alleged to handle "customer service related to the accused product," and Defendant Global Innovations Inc. is alleged to be the "U.S.

1 importer and distributor of the accused products." Id.  Without more detail, the Court cannot
2 conclude that it has personal jurisdiction over Defendants.
3     The Court therefore orders Plaintiff to show cause, within fourteen days of the filing of this
4 order, why this matter should not be dismissed for lack of personal jurisdiction.
5     IT IS SO ORDERED.
6 Dated:  December 8, 2015

_____
JON S. TIGAR
United States District Judge