1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    E.DIGITAL CORPORATION,                    Case No. 15-cv-00691-JST

          Plaintiff,
8
                                               **ORDER STAYING CASE IN PART AND**
9         v.                                   **DENYING MOTION FOR DEFAULT**
                                               **JUDGMENT WITHOUT PREJUDICE**
10   IVIDEON LLC, et al.,
                                               Re: ECF Nos. 34, 44
          Defendants.
11

12         Presently before the Court is Plaintiff's Motion for Default Judgment.  ECF No. 34.  On

13   February 24, 2015, the Court ordered Plaintiff to show cause why the case should not be stayed

14   pending inter partes review of the patents-in-suit.  ECF No. 43.  The Court noted that in December

15   2015, the Patent Trial and Appeal Board ("PTAB") had issued decisions instituting inter partes

16   review regarding each of the patents-in-suit, and that on February 18, 2016, the Court stayed

17   another patent infringement action in which Plaintiff asserted the same five patents (as well as one

18   additional patent) pending the inter partes review proceedings.  Id.

19          "Courts have inherent power to manage their dockets and stay proceedings, including the

20   authority to order a stay pending conclusion of a PTO reexamination."  Ethicon, Inc. v. Quigg, 849

21   F.2d 1422, 1426–27 (Fed. Cir. 1988) (internal citations omitted).  In determining whether to stay a

22   case pending inter partes review, courts consider the following factors: (1) whether discovery in

23   the case is complete and whether a trial date has been set; (2) whether a stay would simplify the

24   issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a

25   clear tactical disadvantage to the non-moving party.  Cygnus Telecomms. Tech., LLC, Patent

26   Litig., 285 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005); see also Universal Elecs., Inc. v. Universal

27   Remote Control, Inc., 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013) (applying the framework

28   applicable to motions to stay pending reexamination by the United States Patent and Trademark

United States District Court
Northern District of California

1  Office to motions to stay pending the newer inter partes review process).  While case law supplies

2  these general considerations, the Court ultimately must decide whether to issue a stay on a case-

3  by-case basis.  Asetek Holdings, Inc. v. Cooler Master Co., Ltd., No. 13-cv-00457-JST, 2014 WL

4  1350813, at *1 (N.D. Cal. Apr. 3, 2014).

5  Plaintiff responded to the Court's order to show cause by noting that two of the claims at

6  issue in this case—claims 22 and 23 of U.S. Patent No. 8,311,522 ("the '522 patent")—are not

7  pending inter partes review.  ECF No. 44 at 2.  Because these claims are not pending inter partes

8  review, the Court will not stay the case with respect to these two claims.

9  Even so, the Court finds that Plaintiff has not provided the Court with sufficient

10  information from which the Court could grant Plaintiff's motion for default judgment regarding

11  claims 22 and 23 of the '522 patent.  Among the factors the Court must consider in exercising its

12  discretion to enter default judgment are "the merits of plaintiff's substantive claim" and "the

13  sufficiency of the complaint."  Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986).  After

14  reviewing the Complaint and Plaintiff's motion for default judgment, the Court concludes that it

15  simply cannot assess the merits of Plaintiff's substantive claim regarding claims 22 and 23 of the

16  '522 patent because neither the Complaint, nor the motion for default judgment provides any

17  detail regarding how these claims read on the allegedly infringing products.  See ECF No. 1 ¶¶

18  13–16 (directing the Court to view Defendants' websites for more "information about and

19  demonstration videos showing how to infringe the asserted patents").  Accordingly, the Court

20  denies Plaintiff's motion for default judgment regarding these claims without prejudice.  If

21  Plaintiff chooses to do so, Plaintiff may file a second motion for default judgment regarding these

22  claims, which motion should provide the Court with additional details regarding (1) the accused

23  products and (2) how the accused products allegedly infringe claims 22 and 23 of the '522 patent.[1]

24

25  _____

26  [1] The Court further notes that Plaintiff has provided the Court with no information from which it
   could conclude that Plaintiff has been irreparably harmed by Defendants' alleged infringement.

27  See ECF No. 34-1 at 5–7; eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006) (stating
   that a plaintiff seeking a permanent injunction must demonstrate, among other things, "that it has

28  suffered an irreparable injury").

United States District Court
Northern District of California

As to the other claims of the '522 Patent, as well as the other patents-in-suit, Plaintiff argues that a stay should not be entered because "regardless of what the ultimate result of the IPRs may be, they will not simplify any issue left remaining for the Court.  If the PTAB ultimately decides that all of the claims at issue in the [inter partes review] are invalid, then Defendants can seek relief from the requested injunction to the extent allowable under the law . . . ."  ECF No. 44 at 4.  The Court finds this argument unpersuasive.  The PTAB has instituted inter partes review proceedings on all of these asserted claims, which is an indication that it has found "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."  35 U.S.C. § 314(a).  If the PTAB invalidates some or all of these claims, then the Court will not be required to rule on Plaintiff's motion for default judgment regarding these claims, thus simplifying the eventual resolution of this case with respect to those claims.  The Court is not inclined to rule on Plaintiff's motion for default judgment involving claims, which the PTAB has determined are reasonably likely to be found invalid, simply because Defendants might be able to challenge any such default judgment ruling in the future were the PTAB to invalidate the underlying claims.  Instead, the Court determines that the better course of action is to stay the case regarding these claims pending inter partes review.[2]

Within 14 days of the PTAB's issuance of its decisions regarding the IPR proceedings, Plaintiff shall file a notice informing the Court of the result of those proceedings.

IT IS SO ORDERED.

Dated:  March 22, 2016

_____
JON S. TIGAR
United States District Judge

---

[2] The Court finds that the other two factors—the stage of the proceedings and the potential for prejudice to Defendants—are not particularly relevant in circumstances such as these where Defendants have failed to appear and Plaintiff has moved for entry of default judgment.