1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LVOVICH & SZUCSKO, P.C.
MILLA L. LVOVICH (SBN 225589)
HANNAH R. SALASSI (SBN 230117)
260 California Street, Suite 1001
San Francisco, CA  94111
Telephone No.: 415-392-2560
Facsimile No.: 415-391-4060

Attorneys for Defendants Ivideon LLC, Global Innovations
and New Sight Devices, Corp.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| e.Digital Corporation, | Case No.:  3:15-cv-00691-JST |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE ENTRY OF DEFAULT** |
| v. | |
| ShenZhen Gospell Smarthome Electronic Co., Ltd. (dba Oco Camera); Ivideon LLC (dba Oco Camera); Global Innovations; and, New Sight Devices Corp. | Hearing Date:    August 18, 2016<br>Time:               2:00 p.m.<br>Ctrm.:              9<br>Judge:             Hon. Jon S. Tigar |
| Defendants. | |

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.  RELEVANT FACTUAL HISTORY

This suit, which alleges infringement of various patents, is one in a series of suits brought by e.Digital Corporation ("e.Digital") alleging violations of patent claims which have now been determined reasonably likely to be unpatentable, based on obviousness. *See* Request for Judicial Notice in Support of Motion to Vacate Entry of Default ("RJN"), Exhibits 1-5 [*Decisions Instituting Inter Partes Review*.

e.Digital first filed suit on a subset of the same patents in the Southern District of California on January 12, 2015. *E.Digital Corporation v. ArcSoft, Inc.*, Case No. 3:15-cv-00056, Dkt. No. 1. e.Digital filed against Dropcam, Inc. on July 1, 2014 in the Southern District, which was then transferred to the Northern District. *e.Digital Corporation v. Dropcam, Inc.*, Case Number 3:14-cv-094922. The instant suit was filed on February 13, 2015. Dkt. No. 1.

e.Digital then filed four more cases in the Northern District on December 17, 2015. *e.Digital Corporation v. iBaby Labs, Inc.*, Case Number 3:15-cv-05790; *e.Digital Corporation v. iSmart Alarm, Inc.*, Case Number 3:15-cv-05793; *e.Digital Corporation v. MivaTek International, Inc.*, Case No 3:15-cv-05795; and *e.Digital Corporation v. MyFox, Inc.,* Case Number 3:15-cv-05798. All of the Northern District cases have been assigned to this Court.

The officers, agents and employees for Defendants Ivideon, LLC, Global Innovations and New Sight Devices Corp. are all Russian nationals. Declaration of Andrey Lavrov in Support of Motion to Vacate Default ("Lavrov Decl."), ¶ 2; Declaration of Andrey Yudnikov in Support of Motion to Vacate Default ("Yudnikov Decl."), ¶ 2. As a result, these individuals are not familiar with the American legal process or legal terminology. *Id*. After being served with Plaintiff's lawsuit, Defendants corresponded in good faith with Plaintiff's counsel regarding settlement. Lavrov Decl., ¶ 3, Yudnikov Decl., ¶ 3. In June of 2015, Defendants failed to agree to e.Digital's licensing proposal within the time-frame demanded, which was less than two weeks, despite the time difference, intervening Russian holiday and time consumption necessary to have the document translated. *Id*. After June 13, 2015, Plaintiff unilaterally stopped communicating and then filed requests for default on June 20, 2015. *Id*. Plaintiff's "admonitions" beforehand did not explain the meaning or practical implications of the term "default." Lavrov Decl., ¶ 4; Yudnikov Decl., ¶ 4. Similarly, although Defendants received the Requests for Entry of Default, the individuals acting on Defendants' behalf did not understand the importance of the documents. *Id*. Thereafter, Defendants assumed they would either be contacted regarding further settlement negotiations or receive notice of any developments in the litigation, prompting them to seek counsel. Lavrov Decl., ¶ 5; Yudkivok Decl., ¶ 5. Defendants did not receive either the original or second Motion for Entry of Default Judgment, nor the Court's

LYOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA 94111
TEL: 415-392-2560 FAX: 415-391-0600

interim Order staying most of case, and if they had, they would have consulted an attorney. *Id*. Defendants had no knowledge of the ECF system, and therefore never registered for electronic service in this case. *Id*. Because Defendants believed nothing was happening with the litigation, they did not seek the advice of counsel until May of 2016, explained in further detail *infra*.

In the meantime, all but two of the patent claims alleged in Plaintiff's Complaint have been challenged in Petitions for *Inter Partes* Review ("Petitions") filed by Dropcam, Inc. with the United States Patent and Trademark Office ("USPTO"), based on substantially identical claims to those alleged in the instant suit. *See* Request for Judicial Notice in Support of Motion to Vacate Default, Exhibits 1-5. The Patent Trial and Appeals Board ("PTAB") issued decisions in December 2015 finding that all of the claims at issue were reasonably likely to be unpatentable, based on obviousness. *Id*. Thereafter, this Court granted Dropcam, Inc.'s request to stay all claims in its suit, pending final resolution of the Petition. *e.Digital Corporation v. Dropcam, Inc.*, Case Number 3:14-cv-094922, Dckt. 87. The Petitions are set for oral argument in September of 2016 and for final decision, barring an extension, by December of 2016. *Id*. Based on the same PTAB Order, the Court issued a stay in this case as to all of the claims subject to the Order, only allowing Plaintiff leave to seek a default judgment on the two outstanding claims - U.S. Patent No. 8,311,522 ("Patent '522"), Claim Nos. 22 and 23. Dckt. Thereafter, Plaintiff filed a second Motion for Entry of Default Judgment.

Defendants were only alerted to the meaning of the entry of default in mid-May of 2016, when they sought the advice of corporate counsel regarding an unrelated matter. Lavrov Decl., ¶ 6; Yudnikov Decl., ¶ 6. Corporate counsel discovered the entries of default and advised Defendants regarding the consequences and need to immediately seek litigation counsel. *Id*. Defendants promptly researched and retained litigation counsel on or about June 16, 2016. Lavrov Decl., ¶ 7; Yudnikov Decl., ¶ 7. Counsel for Defendants immediately sought a stipulation to vacate the default or to have this Motion heard on shortened time, to coincide with Plaintiff's Motion for Entry of Default Judgment, via email to Plaintiff's counsel on Friday, June 17, 2016. Declaration of Hannah Salassi in Support of Motion to Vacate Default ("Salassi Decl."), ¶ 2. Plaintiff refused to stipulate.

LYOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA 94111
TEL: 415-392-2560 FAX: 415-391-0600

*Id*. Thereafter, Defendants' counsel decided having the motion heard on shortened time might prejudice Plaintiff and/or the Court's consideration, and requested Plaintiff stipulate to having the hearing on its Motion continued to the date for the instant request, which Plaintiff also refused. *Id*. at ¶ 3.

As Plaintiff admits, Patent '522, Claims 22 and 23 are dependent on Claim 17. Dckt. 48-1, pp. 4-5.  Independent Claim 17 was addressed in the PTAB Decision, which found that "…the information presented by Petitioner establishes a reasonable likelihood in showing claims…17…are unpatentable for obviousness over Miluzzo and Robarts." RJN, Exhibit 2. The PTAB also found Patent '522, Claims 24 and 25, which are similarly dependent on Independent Claim 17, unpatentable for obviousness. *Id*.; *see also* RJN, Exhibit 6 ['522 Patent].

### B.     LEGAL ARGUMENT

#### 1.     Legal Standard

Federal Rule of Civil Procedure provides that, for good cause, a court may set aside an entry of default.  Fed. R. Civ. Pro. 55(c). Although the same general test is used to determine whether a default or default judgment should be set aside, the test is applied more liberally in cases where default judgment has not been entered. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle* (9th Cir. 2010) 615 F.3d 1085, 1091 n. 1. To determine good cause, a court must look at: (1) whether the party seeking to set aside the default engaged in culpable conduct, (2) whether that party has a meritorious defense and (3) whether reopening the default would prejudice the other party. *Id*. at 1091 (*citing Franchise Holding II v. Huntington Rests. Group, Inc*. (9th Cir. 2004) 375 F.3d 922, 925).

When considering whether to vacate a default, courts must bear in mind the "oft stated commitment to deciding cases on the merits whenever possible." *Mesle, supra*. "Crucially…'judgment by default is a drastic step appropriate only in extreme circumstances...'" *Id*. (emphasis added) (quoting *Falk v. Allen* (9th Cir. 1984) 739 F.2d 461, 463). Lastly, it is error to hold a *"...*layman working without the aid of attorney, to the same standards to which we hold sophisticated parties acting with the benefit of legal representation." *Id*.

LYVOICH & SZUCSKO, P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA  94111
TEL: 415-392-2560 FAX: 415-391-6660

**2.      Defendants Are Entitled to an Order Vacating the Default Under FRCP 55(c)**

The Court's approach to this analysis must be guided by the overarching policy favoring resolution on the merits. *Mesle, supra*. It is reversible error for the Court to refuse to vacate Defendants' defaults where there are no extreme circumstances. On review of a trial court's failure to mention extreme circumstances when refusing to vacate a default, the Ninth Circuit held: "[t]his was no minor omission: rather, it fundamentally altered the standard, turning the court's attention to everyday oversights rather than to whether there were any extreme circumstances. Absent such circumstances, judgement by default is inappropriate in this case." *Id.*

Not only does this case lack the required extreme circumstances needed to warrant judgment by default, but the policy of resolution on the merits is especially compelling here. As this Court is fully aware, the USPTO Decision demonstrates a strong likelihood of serious deficiencies in Plaintiff's patents, and Defendants should not be held liable, by default, on presumptively flimsy claims. As set forth below, Defendants meet each of the individual factors establishing good cause to vacate their defaults, and the law strongly favors the hearing of their case on the merits.

**a.  Defendants are Not Culpable in the Entry of Default**

When determining whether the party moving to vacate a default is culpable in the default's entry, the question is not answered by the fact that the moving party knew about the suit and failed to answer. Rather, the failure to answer must be **intentional**, meaning acting in bad faith in order to take advantage of the opposing party, interfere with judicial decisionmaking or otherwise trying to manipulate the legal process. *TCI Group Life Ins. Plan v. Knoebber* (9th Cir. 2001) 244 F.3d 691, 697 (overruled in part on other grounds by *Egelhoff v. Egelhoff ex rel. Breiner* (2001) 532 U.S. 141). However, when the defendant offers a credible, good faith explanation regarding its failure to answer, and that explanation negates any bad faith conduct, the failure to answer should not be found culpable. *Id.* at 699 (holding that because defendant was unfamiliar with the legal system and defaulted at a time of extreme personal difficulty, failure to answer was excusable).

Here, Defendants are Russian nationals and residents unfamiliar with the American legal process or the implications of a "default." *See* Yudnikov Decl., Lavrov Decl. Defendants were

LYOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA 94111
TEL: 415-392-2560 FAX: 415-391-0600

LYVOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA  94111
TEL: 415-392-2560 FAX: 415-391-0660

participating in good faith settlement negotiations and, after Plaintiff stopped communicating, assumed no further action was needed until further notice. *Id*. Moreover, Defendants were not provided meaningful notice regarding the implications of default in the first instance. *Id*. While Plaintiff was not obliged to explain the law to Defendants, it also cannot now hold foreign laymen to the same standard of sophistication as an American businessman represented by counsel. *Mesle, supra* at 1029.

It was only in May of 2016, in consultation with corporate counsel on an unrelated matter, that Defendants were apprised of the entry of default and the risk of an automatic judgment in favor of Plaintiff. *See* Yudnikov Decl., Lavrov Decl. As soon as Defendants became aware of the problem, they immediately sought litigation counsel, who then acted promptly on their behalf to remedy the default. *Id*. The facts demonstrate the entry of default was not the result of Defendants' intentional refusal to respond and therefore should be vacated.

### b.  Defendants Have a Meritorious Defense

Not only were Defendants innocent in their failure to file a response, they have an excellent defense to the only claims on which Plaintiffs can seek judgment – Patent '522, Claims 22 and 23. As noted above, Claims 22 and 23 are dependent on Claim 17, determined presumptively unpatentable based on obviousness. *See* RJN, Ex. 2. Claims 22 and 23 were not included in Plaintiff's suit against DropCam, Inc., and were therefore not challenged in the Petition for *Inter Partes* Review for '522, but the same obviousness analysis applies. *See e.Digital Corporation v. Dropcam, Inc.*, Case Number 3:14-cv-094922, Dckt. 1; RJN, Exhibit 7.

Claim 22 recites: "The method of Claim 17, further comprising detecting the sensor data using the sensor set, and sending the detected sensor data through a transceiver of the communication device to a server, wherein the server constructs the social signature using the sensor data received through the transceiver and transmits the retrieved social template to the communication devices through the transceiver."

The Jolliff patent, published in 2009, renders this claim obvious. *See* RJN, Exhibit 8 [Jolliff, *et al.*, U.S. Patent Publication No. 2009/0094719 A1 (filed October 8, 2007; published April 9, 2009)

LYOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA 94111
TEL: 415-392-2560 FAX: 415-391-6060

("Jolliff")]. As pointed out in Dropcam, Inc's Petition, Jolliff discloses sensors that sense a variety of data, including a microphone for sensing ambient noise and a camera or light sensor for sensing ambient light. *See* RJN, Exhibit 7 at p. 10; RJN, Exhibit 8, ¶ [0006]. Jolliff discloses transmitting the sensor data to a server through a transceiver, using the data to construct a social signature (by storing the sensor data in a parameter value table) and then transmitting that social signature (in Jolliff, an avatar reflecting the actions of the user) to designated end use devices. *See* RJN, Exhibit 7 at pp. 10-11; RJN, Exhibit 8 ¶¶ [0065], [0074], [0103]. Therefore, Claim 22 is obvious under Jolliff.

Notably, Claim 22 is substantially the same as Claim 24 of Patent '522, but adds the language regarding transmission of "the retrieved social template to the communication device through the transceiver." Claim 24 was challenged and found likely unpatentable by the PTAB, and the additional language in Claim 22 merely represents a basic method for information retrieval over a communication link, which any person of substantial skill in the art ("POSA") would see as obvious.

The same is true of Claim 23, which recites: "The method of claim 22, wherein the communication device provides to the at least one member of the predetermined social hierarchy only as much information as allowed based on the retrieved social template transmitted from the server." As explained above, Jolliff renders all of Claim 22 obvious. The added element of limited transmission was disclosed in the Miluzzo patent, published in 2009, which teaches the method of sharing sense information with limitations on what information is shared and with which members of a social hierarchy. RJN, Exhibit 9 at ¶ [0052] [Miluzzo, *et al.*, International Patent Publication No. 2009/043020 A2 (filed September 29, 2008; published April 2, 2009)].

In addition, Claim 23 is substantially the same as Claim 25, differing only in that the filtering is performed on the communication device, rather than the server. In that respect, it is similar to Claim 1 that also describers filtering performed on the communication device, and which has also been held likely unpatentable by the PTAB. RJN, Exhibit 2.

Under Jolliff and Miluzzo, Claims 22 and 23 are unpatentable due to obviousness, as are all of the patent claims underlying this suit. Defendants' defenses are fully set forth in their proposed Answer to Complaint for Patent Infringement and Cross-Complaint for Declaratory Relief, attached

hereto as Exhibit A. The inadequacy of Plaintiff's claims is one of Defendants' primary defenses, and given the findings of the PTAB thus far, meritorious. In addition, as foreign/out of state entities who advertise and offer their products and services on a national and international basis, versus directing their products specifically into the stream of commerce in California, Defendants also have a meritorious defense against the exercise of personal jurisdiction in this Court. Defendants deserve to have the question of the propriety of the Court's jurisdiction and the merits of Plaintiff's claims against them resolved on the merits.

### c.  Vacating the Defaults Will Not Prejudice Plaintiff

Setting aside the default judgment in no way prejudices Plaintiff. In order to establish prejudice, the harm must be greater than simply delaying resolution of the case. *TCI Group Life Ins. Plan, supra*, 244 F.3d at 701.  The standard is whether Plaintiff's ability to pursue its claim will be hindered. *Id*. In this case, the <u>only</u> consequence of lifting the default is delaying for resolution on the merits. The absence of prejudice is particularly marked because most of Plaintiff's claims are already stayed pending final decision on Dropcam's Petition. Plaintiff still has a full and fair opportunity to conduct discovery and to engage in meaningful litigation of this case.

In addition, the claimed irreparable harm underlying Plaintiff's request for injunctive relief is nonexistent, and so is any prejudice arising from delay. e.Digital is merely a patent assertion entity, not a competitor, and can therefore be made entirely whole by monetary damages. *See* e.Digital Corporation v. Dropcam Press Release (quoting Fred Falk, e.Digital President and CEO), e.Digital Files Patent Infringement Lawsuit Against Dropcam (July 2, 2014), http://www.edigital.com/index.php?option=com_content&view=article&id=134:   editigital-files-patent-infringement-lawsui-against-dropcam&catid=news. Not only will e.Digital suffer no injury if the Court allows this case to proceed on the merits, it is not entitled to injunctive relief at all. e.Digital cannot establish the irreparable harm, which cannot be remedied by monetary damages, necessary for permanent injunctive relief. *Winter v. Natural Resources Defense Council, Inc*. (2008) 555 U.S. 7, 22.

LYOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA 94111
TEL 415-392-2560 FAX: 415-391-6060

1     In the absence of any extreme circumstances, including any prejudice to Plaintiff, this Court

2  has no basis to refuse Defendants' request to vacate their defaults, and indeed fairness and justice

3  require it.

4                                        **<u>CONCLUSION</u>**

5     Based on the foregoing, Defendants respectfully request the Court vacate the defaults entered

6  against them and permit a reasonable period within which to file a responsive pleading.

7

8                                Respectfully submitted,

9                                LVOVICH & SZUCSKO, P.C.

10

11  DATED: June 24, 2016              _____/s/ Milla L. Lvovich_____

12                                Milla L. Lvovich
                                  Attorney for Defendants Ivideon LLC, Global
13                                Innovations and New Sight Devices Corp.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LVOVICH & SZUCSKO, P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA 94111
TEL 415-392-2560 FAX: 415-391-6060

1

## **CERTIFICATE OF SERVICE**

2       The undersigned hereby certifies that a true and correct copy of the foregoing document has

3  been served on this date to all counsel of record, if any to date, who are deemed to have consented to

4  electronic service via the Court's CM/ECF system. Any other counsel of record will be served by

5  electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

6       I declare under penalty of perjury of the laws of the United States that the foregoing is true

7  and correct. Executed on this 24th day of June, 2016 at San Francisco, California.

8

9  DATED: June 24, 2016                    _____/s/ Milla L. Lvovich_____

10                                          Milla L. Lvovich

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LVOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1001, SAN FRANCISCO, CA 94111
TEL: 415-392-2560 FAX: 415-391-6600

Exhibit A

1  LVOVICH & SZUCSKO, P.C.
   MILLA L. LVOVICH (SBN 225589)
2  HANNAH R. SALASSI (SBN 230117)
   260 California Street, Suite 1001
3  San Francisco, CA  94111
   Telephone No.: 415-392-2560
4  Facsimile No.: 415-391-4060

5

6  Attorneys for Defendants Ivideon LLC, Global Innovations
   and New Sight Devices, Corp.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12  e.Digital Corporation,              Case No.:  3:15-cv-00691-JST

13                 Plaintiff,           **DEFENDANTS IVIDEON, LLC'S, GLOBAL
                                        INNOVATIONS'S AND NEW SIGHT DEVICE
14        v.                            CORP.'S ANSWER TO COMPLAINT FOR
                                        PATENT INFRINGEMENT AND
15  ShenZhen Gospell Smarthome          COUNTERCLAIM FOR DECLARATORY
    Electronic Co., Ltd. (dba Oco       JUDGMENT**
16  Camera); Ivideon LLC (dba Oco
    Camera); Global Innovations; and,   **DEMAND FOR JURY TRIAL**
17  New Sight Devices Corp.

18

19                 Defendants.

20

21        Defendants Ivideon, LLC, Global Innovations and New Sight Devices Corp., (collectively

22  "Defendants") hereby answer Plaintiff e.Digital Corporation's ("e.Digital") Complaint for Patent

23  Infringement ("Complaint"), on personal knowledge as to its own activities and on information and

24  belief as to the activities of others, as follows:

25                          **NATURE OF THE ACTION**

26        1.    Defendants admit that the Complaint purports to state a cause of action under the laws

27  of the United States, Title 35 of the United States Code, and that e.Digital purports to seek a

28  preliminary and permanent injunction and monetary damages for patent infringement.

**JURISDICTION AND VENUE**

2.     Defendants admit that this Court has subject matter jurisdiction over this case for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     Defendants deny the allegations contained in paragraph 3 of the Complaint.

4.     Defendants deny the allegations contained in paragraph 4 of the Complaint.

5.     Defendant admits that the websites set forth in paragraph 5 offer Oco cameras, which are manufactured and/or distributed by Defendants, for sale to customers nationwide and potentially abroad.

**PARTIES**

6.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and on that basis denies them.

7.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and on that basis denies them.

8.     Defendant Ivideon LLC admits it is a corporation registered and existing under the laws of the State of Nevada, with its registered address at 5348 Vegas Dr., Las Vegas, Nevada, 89108. Defendant Ivideon LLC admits it was a distributor of smart cloud video surveillance and recording under the brand name "Ivideon." The telephone number listed on www.get.oco.com of 1-888-683-8950 is the phone number for Ivideon, LLC. Except as expressly admitted, Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.     Defendant Global Innovations, Inc. admits it is a corporation with a registered address at 2519 15th Avenue S., Seattle, WA 98144 and imports and distributes Oco cameras in the United States. Except as expressly admitted, Defendants deny the allegations contained in paragraph 9 of the Complaint.

10.     Defendant New Devices Corp. admits it was a corporation with a registered address at 3524 Silverside Road, Suite 35b, Wilmington, DE 19810. Except as expressly admitted, Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.      Defendants deny the allegations contained in paragraph 11 of the Complaint.

12.     Defendants deny the allegations contained in paragraph 12 of the Complaint.

LYOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA 94111
TEL: 415-392-2560 FAX: 415-391-6060

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LVOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA 94111
TEL: 415-392-2560 FAX: 415-391-6060

**THE ACCUSED PRODUCTS**

13.    Defendants admit that the Complaint purports to allege that the "accused products for purposes of the asserted patents include but are not limited to the Defendant's Oco wireless camera system, which include, without limitation, Defendant's subscription Ivideon Recording Services and server for remote monitoring and communication. Except as expressly admitted, Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.    Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.    Defendants admit operating manuals, user guides, instructional/informational videos are available on website(s) that instruct customers and end-users on how to purchase Oco cameras and set them up in conjunction with servers, including on a Google + website and a Youtube website. Except as expressly admitted, Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.    Defendants deny the allegations contained in paragraph 16 of the Complaint.

**THE ASSERTED PATENTS**

17.    Defendants admit that Exhibit A to the Complaint purports to be a copy of U.S. Patent No. 8,306,514 ("the '514 patent"). Defendants further admit that, on its face, the '514 patent is entitled "System and Method for Managing Mobile Communications," has an issue date of November 6, 2012, and lists Patrick Nunally as named inventor. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint and on that basis denies them.

18.    Defendants admit Exhibit B to the Complaint purports to be a copy of U.S. Patent No. 8,311,522 ("the '522 patent"). Defendant further admits that, on its face, the '522 patent is entitled "System and Method for Managing Mobile Communications," has an issue date of November 13, 2012, and lists Patrick Nunally as named inventor. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint and on that basis denies them.

19.    Defendants admit Exhibit C to the Complaint purports to be a copy of U.S. Patent No. 8,311,523 ("the '523 patent"). Defendant further admits that, on its face, the '523 patent is entitled

"System and Method for Managing Mobile Communications," has an issue date of November 13, 2012, and lists Patrick Nunally as named inventor. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint and on that basis denies them.

20.     Defendants admit Exhibit D to the Complaint purports to be a copy of U.S. Patent No. 8,311,524 ("the '524 patent"). Defendant further admits that, on its face, the '524 patent is entitled "System and Method for Managing Mobile Communications," has an issue date of November 13, 2012, and lists Patrick Nunally as named inventor. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint and on that basis denies them.

21.     Defendants admit Exhibit E to the Complaint purports to be a copy of U.S. Patent No. 8,313,619 ("the '619 patent"). Defendant further admits that, on its face, the '619 patent is entitled "System and Method for Managing Mobile Communications," has an issue date of November 20, 2012, and lists Patrick Nunally as named inventor. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint and on that basis denies them.

## ANSWER TO COUNT ONE

## ALLEGED INFRINGEMENT OF THE '514 PATENT

22.     Defendants incorporate and re-allege paragraphs 1-21 of their Answer as if fully set forth herein in response to the allegations contained in paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in paragraph 29 of the Complaint.

LVOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA 94111
TEL. 415-392-2560 FAX. 415-391-6060

LYOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA  94111
TEL: 415-392-2560 FAX: 415-391-6060

**ANSWER TO COUNT TWO**

**ALLEGED INFRINGEMENT OF THE '522 PATENT**

30.     Defendants incorporate and re-allege paragraphs 1-29 of their Answer as if fully set forth herein in response to the allegations contained in paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

**ANSWER TO COUNT THREE**

**ALLEGED INFRINGEMENT OF THE '523 PATENT**

38.     Defendants incorporate and re-allege paragraphs 1-37 of their Answer as if fully set forth herein in response to the allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

**ANSWER TO COUNT FOUR**

**ALLEGED INFRINGEMENT OF THE '524 PATENT**

46.     Defendants incorporate and re-allege paragraphs 1-45 of their Answer as if fully set forth herein in response to the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

**ANSWER TO COUNT FIVE**

**ALLEGED INFRINGEMENT OF THE '619 PATENT**

54.     Defendants incorporate and re-allege paragraphs 1-53 of their Answer as if fully set forth herein in response to the allegations contained in paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the Complaint.

**PRAYER FOR RELIEF**

Paragraphs 1-6 set forth the statement of relief requested by e.Digital to which no response is required. To the extent a response is required, Defendants deny and all allegations contained in the remainder of the Complaint and denies that e.Digital is entitled to any of the relief requested in paragraphs 1-6 of its prayer for relief or to any other relief in any form whatsoever. Defendants further denies each and every allegation contained in the Complaint to which it has not specifically responded.

**DEMAND FOR JURY TRIAL**

e.Digital's demand for jury trial does not state any allegation against Defendants to which a response is required. To the extent that any allegations are included in the demand, Defendants deny such allegations.

LYOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA 94111
TEL. 415-392-2560 FAX. 415-391-0600

LYOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA 94111
TEL: 415-392-2560 FAX: 415-391-6060

## AFFIRMATIVE DEFENSES

Subject to the foregoing responses, Defendants allege and assert the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, Defendants specifically reserve all rights to allege additional affirmative defenses that become known during the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

e.Digital's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants have not infringed, contributed to the infringement of, or induced other to infring, any claim of the '514, '522, '523, '524 and/or '619 patents, directly or indirectly, literally or by equivalents. In addition, to the extent that e.Digital alleges that Defendants indirectly infringe the '514, '522, '523, '524 and/or '619 patents, Defendants have at all times believed in good faith that use of the accused products does not infringe any claim of the '514, '522, '523, '524 and/or '619 patents, and that the asserted claims of the '514, '522, '523, '524 and/or '619 patents are invalid, thus negating at least the "specific intent" element of such claims. To the extent that e.Digital alleges that Dropcam contributes to the infringement of the '514, '522, '523, '524 and/or '619 patents, these claims are further barred, in whole or in part, under 35 U.S.C. § 271(c), in view of the substantial non-infringing uses of Defendants' alleged infringing products. Defendants have engaged in all relevant activities in good faith, thereby precluding e.Digital, even if it were to prevail, from recovering enhanced damages for willful infringement under 35 U.S.C. § 284, or recovering its attorneys' fees and/or costs under 35 U.S.C. § 285.

## THIRD AFFIRMATIVE DEFENSE

The claims of the '514, '522, '523, '524 and/or '619 patents are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, the '514, '522, '523, '524 and/or '619 patents are invalid in view of U.S. Patent No. 5,433,196, filed on October 19, 1993, which claims a sensor interface for a computer-based notification system.

1

## FOURTH AFFIRMATIVE DEFENSE

By reason of the proceedings in the United States Patent and Trademark Office, and by reasons of amendments, disclaimers, disavowals, admissions, representations, arguments, and/or statements made by the applicants on their behalf, e.Digital is estopped from construing the claims of the '514, '522, '523, '524 and/or '619 patents to cover and/or include any acts of Defendants. are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, the '514, '522, '523, '524 and/or '619 patents are invalid in view of U.S. Patent No. 5,433,196, filed on October 19, 1993, which claims a sensor interface for a computer-based notification system.

## FIFTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Defendants.

## SIXTH AFFIRMATIVE DEFENSE

e.Digital's claims for relief and prayer for damages are barred by the equitable doctrines of laches, waive, and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

e.Digital's has failed to state facts and/or a legal basis sufficient to permit the Court to grant equitable or injunctive relief against Defendants.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Defendants reserve all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Counterclaimants Ivideon LLC, Global Innovations and New Sight Devices Corp. ("Counterclaimants") hereby counterclaim and allege against Counterclaim Defendant e.Digital Corporation ("e.Digital") as follows:

## THE PARTIES

1.      Counterclaimant Ivideon LLC is a corporation registered and existing under the laws of the State of Nevada, with its registered address at 5348 Vegas Dr., Las Vegas, Nevada, 89108.

LYOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA 94111
TEL 415-392-2560 FAX 415-391-0600

2.      Counterclaimant Global Innovations, Inc. is a corporation with a registered address at 2519 15th Avenue S., Seattle, WA 98144.

3.       Counterclaimant New Devices Corp. was a corporation with a registered address at 3524 Silverside Road, Suite 35b, Wilmington, DE 19810.

4.      As pled in its Complaint, e.Digital is a Delaware corporation with its headquarters and principal place of business at 16870 West Bernardo Drive, Suite 120, San Diego, California 92127.

**JURISDICTION AND VENUE**

5.      These counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

6.      By its counterclaims, Counterclaimants seek to obtain a judgment declaring that Counterclaimants do not and have not infringed U.S. Patent Nos. 8,306,514, 8,3311,522, 8,311,523, 8,311,524, 8,315,619 (the "Asserted Patents") and that the Asserted Patents are invalid and unenforceable.

7.      An actual controversy exists between e.Digital and Counterclaimants as to the infringement, validity and enforcement of the Asserted Patents.

8.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and under 35 U.S.C. §101, *et seq.*

9.      Venue is proper in this district pursuant to U.S.C. §§ 1391(b) and 1391(c) because e.Digital brought its action for infringement of the Asserted Patents in this District.

10.     This Court has personal jurisdiction over e.Digital because e.Digital consented to this Court's jurisdiction by filing its Complaint in this Court.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,306,514)**

11.     Counterclaimants reallege and incorporate by reference all of the allegations set forth in the preceding paragraphs.

12.     In its Complaint, e.Digital contends that it has been assigned all rights under title to and interest in United States Patent No. 8,306,514 (the "'514 Patent"), including the right to enforce and collect damages for infringement of the '514 Patent.

LYOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA 94111
TEL: 415-392-2560 FAX: 415-391-6060

13.     In its Complaint, e.Digital alleges that Counterclaimants are directly infringing, either literally or under the Doctrine of Equivalents, one or more of the claims of the '514 Patent by making, using, handling and/or offering for sale in the United States certain products and services ("the Accused Products").

14.     In its Complaint, e.Digital is seeking both injunctive relief and damages from Counterclaimants for the alleged infringement of the '514 Patent.

15.     Counterclaimants have not and do no infringe any valid claim of the '514 Patent, either literally or under the Doctrine of Equivalents, by either making, using, selling and/or offering sale the Accused Products.

16.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

17.     Counterclaimants seek a judicial determination and declaration of the respective rights and duties of the parties based on Counterclaimants contentions as set forth in the paragraphs above. Such a determination and declaration is appropriate at this time so that the parties may ascertain their respective rights and duties regarding non-infringement of the claims of the '514 Patent.

**SECOND CLAIM FOR RELIEF**

**Declaratory Judgment of Invalidity of U.S. Patent No. 8,306,514**

18.     Counterclaimants reallege and incorporate by reference all of the allegations set forth in the preceding paragraphs.

19.     The claims of the '514 Patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 101 *et seq.,* including §§ 101, 102, 103 and 112.

20.     Counterclaimants seek a judicial determination and declaration of the respective rights and duties of the parties based on Counterclaimants contentions as set forth in the paragraphs above. Such a determination and declaration is appropriate at this time so that the parties may ascertain their respective rights and duties regarding non-infringement of the claims of the '514 Patent.

LYOVICH & SZUCSKO, P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA 94111
TEL: 415-392-2560 FAX: 415-391-6060

**THIRD CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,311,522)**

21.     Counterclaimants reallege and incorporate by reference all of the allegations set forth in the preceding paragraphs.

22.     In its Complaint, e.Digital contends that it has been assigned all rights under title to and interest in United States Patent No. 8,311,522 (the "'522 Patent"), including the right to enforce and collect damages for infringement of the '522 Patent.

23.     In its Complaint, e.Digital alleges that Counterclaimants are directly infringing, either literally or under the Doctrine of Equivalents, one or more of the claims of the '522 Patent by making, using, handling and/or offering for sale in the United States certain products and services ("the Accused Products").

24.     In its Complaint, e.Digital is seeking both injunctive relief and damages from Counterclaimants for the alleged infringement of the '522 Patent.

25.     Counterclaimants have not and do no infringe any valid claim of the '522 Patent, either literally or under the Doctrine of Equivalents, by either making, using, selling and/or offering sale the Accused Products.

26.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

27.     Counterclaimants seek a judicial determination and declaration of the respective rights and duties of the parties based on Counterclaimants contentions as set forth in the paragraphs above. Such a determination and declaration is appropriate at this time so that the parties may ascertain their respective rights and duties regarding non-infringement of the claims of the '522 Patent.

**FOURTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,311,522)**

28.     Counterclaimants reallege and incorporate by reference all of the allegations set forth in the preceding paragraphs.

LYOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA 94111
TEL 415-392-2560 FAX: 415-391-6060

29.     The claims of the '514 Patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 101 *et seq.,* including §§ 101, 102, 103 and 112.

30.     Counterclaimants seek a judicial determination and declaration of the respective rights and duties of the parties based on Counterclaimants contentions as set forth in the paragraphs above. Such a determination and declaration is appropriate at this time so that the parties may ascertain their respective rights and duties regarding non-infringement of the claims of the '522 Patent.

**FIFTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,311,523)**

31.     Counterclaimants reallege and incorporate by reference all of the allegations set forth in the preceding paragraphs.

32.     In its Complaint, e.Digital contends that it has been assigned all rights under title to and interest in United States Patent No. 8,311,523 (the "'523 Patent"), including the right to enforce and collect damages for infringement of the '523 Patent.

33.     In its Complaint, e.Digital alleges that Counterclaimants are directly infringing, either literally or under the Doctrine of Equivalents, one or more of the claims of the '523 Patent by making, using, handling and/or offering for sale in the United States certain products and services ("the Accused Products").

34.     In its Complaint, e.Digital is seeking both injunctive relief and damages from Counterclaimants for the alleged infringement of the '523 Patent.

35.     Counterclaimants have not and do no infringe any valid claim of the '523 Patent, either literally or under the Doctrine of Equivalents, by either making, using, selling and/or offering sale the Accused Products.

36.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

37.     Counterclaimants seek a judicial determination and declaration of the respective rights and duties of the parties based on Counterclaimants contentions as set forth in the paragraphs

LYOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA 94111
TEL: 415-392-2560 FAX: 415-391-6600

above. Such a determination and declaration is appropriate at this time so that the parties may

ascertain their respective rights and duties regarding non-infringement of the claims of the '523

Patent.

## SIXTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,311,523)

38.     Counterclaimants reallege and incorporate by reference all of the allegations set forth

in the preceding paragraphs.

39.     The claims of the '514 Patent are invalid for failure to satisfy one or more of the

requirements of 35 U.S.C. § 101 *et seq.,* including §§ 101, 102, 103 and 112.

40.     Counterclaimants seek a judicial determination and declaration of the respective

rights and duties of the parties based on Counterclaimants contentions as set forth in the paragraphs

above. Such a determination and declaration is appropriate at this time so that the parties may

ascertain their respective rights and duties regarding non-infringement of the claims of the '523

Patent.

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,311,524)

41.     Counterclaimants reallege and incorporate by reference all of the allegations set forth

in the preceding paragraphs.

42.     In its Complaint, e.Digital contends that it has been assigned all rights under title to

and interest in United States Patent No. 8,311,524 (the "'524 Patent"), including the right to enforce

and collect damages for infringement of the '524 Patent.

43.     In its Complaint, e.Digital alleges that Counterclaimants are directly infringing, either

literally or under the Doctrine of Equivalents, one or more of the claims of the '524 Patent by

making, using, handling and/or offering for sale in the United States certain products and services

("the Accused Products").

44.     In its Complaint, e.Digital is seeking both injunctive relief and damages from

Counterclaimants for the alleged infringement of the '524 Patent.

LVOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1001, SAN FRANCISCO, CA 94111
TEL: 415-392-2560 FAX: 415-391-6090

45.     Counterclaimants have not and do no infringe any valid claim of the '524 Patent, either literally or under the Doctrine of Equivalents, by either making, using, selling and/or offering sale the Accused Products.

46.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

47.     Counterclaimants seek a judicial determination and declaration of the respective rights and duties of the parties based on Counterclaimants contentions as set forth in the paragraphs above. Such a determination and declaration is appropriate at this time so that the parties may ascertain their respective rights and duties regarding non-infringement of the claims of the '524 Patent.

**EIGHTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,311,524)**

48.     Counterclaimants reallege and incorporate by reference all of the allegations set forth in the preceding paragraphs.

49.     The claims of the '524 Patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 101 *et seq.,* including §§ 101, 102, 103 and 112.

50.     Counterclaimants seek a judicial determination and declaration of the respective rights and duties of the parties based on Counterclaimants contentions as set forth in the paragraphs above. Such a determination and declaration is appropriate at this time so that the parties may ascertain their respective rights and duties regarding non-infringement of the claims of the '524 Patent.

**NINTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,315,619)**

51.     Counterclaimants reallege and incorporate by reference all of the allegations set forth in the preceding paragraphs.

LYOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA 94111
TEL 415-392-2560 FAX: 415-391-6060

52.     In its Complaint, e.Digital contends that it has been assigned all rights under title to and interest in United States Patent No. 8,315,619 (the "'619 Patent"), including the right to enforce and collect damages for infringement of the '619 Patent.

53.     In its Complaint, e.Digital alleges that Counterclaimants are directly infringing, either literally or under the Doctrine of Equivalents, one or more of the claims of the '619 Patent by making, using, handling and/or offering for sale in the United States certain products and services ("the Accused Products").

54.     In its Complaint, e.Digital is seeking both injunctive relief and damages from Counterclaimants for the alleged infringement of the '619 Patent.

55.     Counterclaimants have not and do no infringe any valid claim of the '619 Patent, either literally or under the Doctrine of Equivalents, by either making, using, selling and/or offering sale the Accused Products.

56.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

57.     Counterclaimants seek a judicial determination and declaration of the respective rights and duties of the parties based on Counterclaimants contentions as set forth in the paragraphs above. Such a determination and declaration is appropriate at this time so that the parties may ascertain their respective rights and duties regarding non-infringement of the claims of the '619 Patent.

### TENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,315,619)

58.     Counterclaimants reallege and incorporate by reference all of the allegations set forth in the preceding paragraphs.

59.     The claims of the '619 Patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 101 *et seq.,* including §§ 101, 102, 103 and 112.

Counterclaimants seek a judicial determination and declaration of the respective rights and duties of the parties based on Counterclaimants contentions as set forth in the paragraphs above.

LYOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA 94111
TEL: 415-392-2560 FAX: 415-391-6600

1   Such a determination and declaration is appropriate at this time so that the parties may ascertain their

2   respective rights and duties regarding non-infringement of the claims of the '619 Patent.

### PRAYER FOR RELIEF

4   Therefore, Crossclaimants pray as follows:

5       1.      That Judgment be entered in favor of Crossclaimants and against e.Digital on each

6   and every claim for relief of the Complaint and on each and every claim for relief of Crossclaimants'

7   Counterclaim;

8       2.      That Judgment be entered declaring that Crossclaimants have not infringed the '514,

9   '522, '523, '524 or '619 Patents;

10      3.      That Judgment be entered declaring the e.Digital is precluded from obtaining

11  injunctive relief, money damages, costs and/or attorney's fees for any alleged infringement by

12  Crossclaimants;

13      4.      That Judgment be entered declaring the claims of the '514, '522, '523, '524 and '619

14  Patents invalid;

15      5.      That Judgment be entered declaring that this case is exceptional in favor of

16  Crossclaimants under 35 U.S.C. § 285 and that Crossclaimants be awarded their reasonable

17  attorney's fees, expenses and costs;

18      6.      For other such relief as the court deems just and proper.

### DEMAND FOR JURY TRIAL

20      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Ivideon LLC, Global

21  Innovations and New Sight Devices Corp. hereby demand a trial by jury.

23                          LVOVICH & SZUCSKO, P.C.

25  DATED: June 24, 2016              _____/s/ Milla L. Lvovich_____
26                                  Milla L. Lvovich
                                    Attorney for Defendants Ivideon LLC, Global
                                    Innovations and New Sight Devices Corp.

LVOVICH & SZUCSKO, P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA 94111
TEL 415-392-2560 FAX. 415-391-6090

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LVOVICH & SZUCSKO P.C.
260 CALIFORNIA STREET, SUITE 1000, SAN FRANCISCO, CA 94111
TEL 415-392-2560 FAX: 415-391-6900

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on this date to all counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on this 24th day of June, 2016 at San Francisco, California.


DATED: June 24, 2016                         ___/s/ Milla L. Lvovich_____
                                             Milla L. Lvovich