Anton N. Handal (Bar No. 113812)
anh@handal-law.com
Gabriel G. Hedrick (Bar No. 220649)
ghedrick@handal-law.com
HANDAL & ASSOCIATES
750 B Street, Suite 2510
San Diego, California 92101
Tel: 619.544.6400
Fax: 619.696.0323

Attorneys for Plaintiff
E.DIGITAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| e.Digital Corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ShenZhen Gospell Smarthome Electronic Co., Ltd. (dba Oco Camera); Ivideon LLC (dba Oco Camera); Global Innovations, Inc.; and, New Sight Devices Corp.<br><br>　　　　　Defendants. | Case No. 3:15-cv-00691-JST<br><br>**OPPOSITION TO MOTION TO VACATE ENTRY OF DEFAULT**<br><br>Date:　　August 18, 2016<br>Time:　　2:00 p.m.<br>Ctrm:　　9<br>Judge:　　Hon. Jon S. Tigar |

## TABLE OF CONTENTS

I.   PROCEDURAL HISTORY ................................................................................................ 1
II.  LEGAL STANDARD ..................................................................................................... 2
III. DEFENDANTS FAIL TO DEMONSTRATE GOOD CAUSE TO VACATE
     ENTRY OF DEFAULT ................................................................................................... 3
     1.  Defendants Received Actual Notice of the Filing of the Action ..................... 4
     2.  Defendants Intentionally Failed to Answer ...................................................... 4
     3.  Defendants Wrongly Accuse Plaintiffs of Failing to Provide them
         Adequate Time to Consider Plaintiffs' Settlement Proposal. ....................... 7
     B.  PLAINTIFF WOULD BE PREJUDICED IF THE DEFAULT IS VACATED ......... 8
     C.  THE MERITS OF DEFENDANTS' DEFENSES ARE SPECULATIVE AT
         BEST ......................................................................................................................... 11
IV.  CONCLUSION .............................................................................................................. 13

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

# TABLE OF AUTHORITIES

**CASES**

*Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) .................................. 3

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994) ........................ 13

*Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011) ........... 3, 13

*Capital Yacht Club v. Vessel Aviva*, 228 F.R.D. 389, 394-395 (D.D.C. 2005) ............................ 11

*Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988) ......................................................... 3, 13

*Clearwater 2007 Note Program, LLC v. Piell*, 2013 U.S. Dist. LEXIS 185121 ........................... 6

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988) .................................................................................................................................... 3

*Franchise Holdings II, LLC, v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) ............................................................................................................................ 3, 13

*In re TC Heartland LLC*, 2016 U.S. App. LEXIS 7753 ............................................................. 13

*McCraney v. High Desert Neurology, Inc. (In re McCraney)*, 439 B.R. 188, 200 (D.N.M. 2010) .................................................................................................................................. 11

*TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) .................................. 3

*United States Fid. & Guar. Co. v Petroleo Brasileiro S.A.*, 220 F.R.D. 404, 407 (S.D.N.Y. 2004) .................................................................................................................................. 11

**REGULATIONS**

37 CFR 42.108(c) ......................................................................................................................... 12

37 CFR 42.23 ................................................................................................................................ 12

37 CFR 42.24(c) ........................................................................................................................... 12

**RULES**

Federal Rule of Civil Procedure 55(b)(2) .................................................................................... 10

Federal Rule of Civil Procedure 55(c) ........................................................................................... 2

Federal Rule of Civil Procedure 60(b)(1) .................................................................................. 2, 3

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-iii-
*OPPOSITION TO MOTION TO VACATE DEFAULT*    Case No. 3:15-cv-00691-JST

## I. PROCEDURAL HISTORY

e.Digital Corporation ("Plaintiff" or "e.Digital") filed a complaint ("Complaint") for patent infringement against Defendants Ivideon LLC ("Ivideon"); Global Innovations, Inc. ("Global Innovations"); and New Sight Devices Corp. ("New Sight") (collectively referred to hereafter as "Oco" or "Defendants") on February 13, 2015. (ECF No. 1.) The Complaint also named Oco's Chinese affiliate, ShenZhen Gospell Smarthome Electronic Co., Ltd. (dba Oco Camera), as a defendant, but e.Digital voluntarily dismissed it with prejudice on July 9, 2015. (*See* ECF Nos. 1, 31 and 32.)

e.Digital caused Ivideon and Global Innovations to be personally served on March 5, 2015 and March 6, 2015, respectively. (ECF Nos. 12 and 17.) In addition, Ivideon, Global Innovations and New Sight each executed waivers of service of summons on March 26, 2015. (ECF Nos. 18-20.) In light of the executed waivers, Oco's respective answers to the complaint were due May 5, 2015. Oco failed to file an answer by the aforementioned May 5, 2015 due date. During that time, the parties entered into settlement discussions with a non-attorney representative of Oco and e.Digital granted Oco an extension of time to respond to the complaint while negotiations continued. (*See* ECF No. 24 at p. 3:4-8; ECF No. 58-3 at p. 10 (5/18/15 email to Ryzhkov).)

Also, during this time, counsel for e.Digital provided Oco with notice of a previously scheduled case management conference and advised Oco multiple times to retain counsel and enter an appearance in this matter. (*Id.* at p. 3:13-23; ECF No. 58-3 at pp. 8 (6/3/15 email to Ryzhkov), 10 (5/18/15 email to Ryzhkov), and 14 (4/24/15 email to Ryzhkov).) Oco ignored e.Digital's advice and e.Digital was forced to unilaterally seek a continuance of the scheduled CMC. (*See* ECF No. 24.)

When it became clear that no settlement would be reached, e.Digital filed its request for entry of default. On June 30, 2015, e.Digital requested entry of default as to each of the served defendants. (ECF Nos. 26-28.) Defendants were served with copies of the requests. (*See* ECF Nos. 26-8, 27-7 and 28-7.) The Clerk of the Court entered the Defendants' defaults on July 2, 2015. (ECF No. 29.)

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-1-

*OPPOSITION TO MOTION TO VACATE DEFAULT*   Case No. 3:15-cv-00691-JST

1    e.Digital filed a motion for default judgment against the remaining defendants on
2    September 29, 2015, seeking a permanent injunction against further infringement by the
3    remaining Defendants ("First Motion for Default Judgment"). (ECF No. 34.) The court took the
4    matter under submission without oral argument on November 4, 2015. (ECF No. 40.) On
5    December 8, 2015, the Court issued an order to show cause why this case should not be
6    dismissed for lack of personal jurisdiction. (ECF No. 41.) e.Digital responded on December 17,
7    2015. (ECF No. 42.) On February 24, 2016, the Court issued a second order to show cause why
8    the case should not be stayed pending *inter partes* review of the Asserted Patents. (ECF No. 43.)
9    e.Digital responded on March 7, 2016. (ECF No. 44.)

10   On March 23, 2016, the Court stayed this case as to all claims of the Asserted Patents
11   except claims 22 and 23 of the '522 patent, which claims are not subject to any pending review.
12   (ECF No. 45.) As to those un-stayed claims, the Court denied e.Digital's First Motion for
13   Default Judgment on the ground that "Plaintiff has not provided the Court with sufficient
14   information from which the Court could grant Plaintiff's motion for default judgment." (*Id.* at
15   2:9-11.) However, the Court authorized e.Digital to file a second motion for default judgment
16   "which should provide the Court with additional details regarding (1) the accused products and
17   (2) how the accused products allegedly infringe claims 22 and 23 of the '522 patent." (*Id.* at
18   2:20-23.) The Court also noted that e.Digital had not yet provided the Court with "information
19   from which it could conclude that Plaintiff has been irreparably harmed by Defendants' alleged
20   infringement." (*Id.* at p. 2, fn. 1.)

21   On June 10, 2016, e.Digital moved for entry of default judgment against the remaining
22   named Defendants, Ivideon, Global Innovations, and New Sight as to claims 22 and 23 of the
23   '522 patent. Now, one year after default was, with full knowledge, entered against them,
24   Defendants have decided to appear in this case and seek to vacate their respective defaults.

25   **II.    LEGAL STANDARD**

26   Federal Rule of Civil Procedure ("FRCP") 55(c) permits a court to set aside an entry of
27   default for "good cause shown." The "good cause" standard governing the vacatur of an entry of
28   default is the same as the "excusable neglect" standard governing the vacatur of a default

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-2-

OPPOSITION TO MOTION TO VACATE DEFAULT                        Case No. 3:15-cv-00691-JST

judgment. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). Under FRCP 60(b)(1), a court may set aside a default judgment because of mistake, inadvertence, surprise or excusable neglect. A court has discretion to deny a motion to set aside a default judgment if (1) defendant's culpable conduct led to the default, (2) defendant has no meritorious defense, or (3) plaintiff would be prejudiced if the judgment is set aside. *Franchise Holdings II, LLC, v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). The burden of demonstrating the foregoing is borne by the party seeking to vacate the entry of default or the default judgment. *TCI Group*, *supra*, 244 F.3d at 696; *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). The "tripartite test is disjunctive," **thus only one of these factors need be present to justify denial** of a Rule 60(b) motion. *Id.*; *see also Franchise Holdings*, 375 F.3d at 926; *Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011).

### III. DEFENDANTS FAIL TO DEMONSTRATE GOOD CAUSE TO VACATE ENTRY OF DEFAULT

#### A. THE DEFENDANTS' CONDUCT WAS CULPABLE

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group*, 244 F.3d at 697 (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). Some cases have held that, if a defendant has received actual or constructive notice of an action and fails to answer, this conduct alone evidences culpability. *See Franchise Holding II*, 375 F.3d at 926; *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988). However, another line of cases, holds that "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process" is not intentional and should not necessarily be considered culpable conduct. *TCI Group*, 244 F.3d at 697-98. This latter line of cases holds that a defendant's conduct is culpable when "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698. Here, the Defendants' conduct was culpable under either standard.

*HANDAL & ASSOCIATES*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-3-

**OPPOSITION TO MOTION TO VACATE DEFAULT**    Case No. 3:15-cv-00691-JST

### 1. Defendants Received Actual Notice of the Filing of the Action

e.Digital personally served Ivideon and Global Innovations on March 5, 2015 and March 6, 2015, respectively. (ECF Nos. 12 and 17.) e.Digital also delivered the summons, complaint and a request for waiver of service on all three Defendants. (ECF Nos. 18-20.) All three Defendants executed the waivers. (*Id.*)

Thereafter, e.Digital provided Oco with notice of a previously scheduled case management conference and advised Oco multiple times to retain counsel and enter an appearance in this matter. (ECF No. 24 at p. 3:13-23.) During this time, the parties also discussed settlement of the litigation. (*Id.* at p. 3:4-8.) Defendants were also served with copies of the requests for entry of default as to each of them. (*See* ECF Nos. 26-8, 27-7 and 28-7.)

There is therefore no dispute that the Defendants had actual notice of this litigation and failed to answer. Likewise, Defendants do not appear to contest these facts. Instead, Defendants rest their motion on the inadequate excuse that they did not understand what the terms "default" and "default judgment" meant. As set forth in the next section, there can be no question that Defendants' failure to respond to the complaint was willful and culpable.

### 2. Defendants Intentionally Failed to Answer

At no point in Defendants' motion do they argue that they did not understand that a complaint had been filed against them and that they had an obligation to appear in the litigation and answer the complaint. Instead, they focus on the incredible assertion that they did not understand the concepts of "default" and "default judgment." However, the focus of the "culpability" factor is not whether the defendant understands the legal concepts of "default" or "default judgment," but whether the defendant had notice of the complaint and intentionally failed to answer. As shown below, Defendants had actual notice of the litigation, knew that they were required to file an answer, and intentionally failed to do so. Even if Defendants' failure to fully appreciate the *consequences* for failing to answer were a factor, which it is not, Defendants' declarations and arguments on this issue are simply not credible.

The two declarants on which Defendants rely are Andrey Yudnikov, CEO of Ivideon, and Andrey Lavrov, CEO for Global Innovations and New Sight. (ECF Nos. 54-2 at ¶ 1 and 58-3 at

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-4-

OPPOSITION TO MOTION TO VACATE DEFAULT                Case No. 3:15-cv-00691-JST

¶ 1.) Both testify that they are citizens and residents of the Russian Federation, that they are not familiar with the American legal process and legal terminology, and that they did not understand what the terms "default" and "default judgment" meant when e.Digital's counsel warned them of and later served them with e.Digital's requests for entry of default. (ECF Nos. 54-2 at ¶¶ 2 and 4 and ECF No 58-3 at ¶¶ 2 and 4.) Strangely absent is any similar declaration from Mr. Philipp Ryzhkov, with whom e.Digital's counsel was communicating prior to entry of default and who, despite being warned at least four times of the potential entry of default and/or request for default judgment, never once asked defense counsel what those terms meant or otherwise indicate that he did not understand their importance. (*See*, *generally*, ECF No. 58-2 at Ex. A.)

In any event, the declarations of Messrs. Lavrov and Yudnikov are simply not credible. First, both declarants personally signed Waivers of the Service of Summons, which acknowledge receipt of the Summons. (ECF Nos. 18-20 (executed by Lavrov and Yudnikov, respectively).) The Summonses issued and served on the Defendants clearly state:

> "Within 21 days after service of this summons on you … you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney… [¶] If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must also file your answer or motion with the court."

(ECF Nos. 12, 17, 18-20.) The Summonses are therefore clear that, if the Defendants failed to timely respond, "***judgment by default*** will be entered against you *for the relief demanded in the complaint.*"

The Waivers personally signed by Messrs. Lavrov and Yudnikov, further clearly state:

> "***I…understand*** that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from March 4, 2015, the date when this request was sent… If I fail to do so, ***a default judgment will be entered against me or the entity I represent***."

(ECF Nos. 18-20.)

Defendants clearly understood the importance of appearing and answering the complaints served upon them. Otherwise, they would not have executed the waivers and/or asked for additional time to respond. Further, counsel for e.Digital repeatedly warned Defendants that, if

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-5-
*OPPOSITION TO MOTION TO VACATE DEFAULT*   Case No. 3:15-cv-00691-JST

the parties were unable to resolve the case, e.Digital would "have no choice but to proceed with the case to include seeking the entry of default of your companies." (*See* ECF No. 58-3 at p. 5 (6/10/15 email from Chalk to Ryzhkov); *see also id.* at pp. 7 (6/8/15 email from Chalk to Ryzhkov), 10 (5/18/15 email from Chalk to Ryzhkov), 12 (5/4/15 email from Chalk to Ryzhkov), and 13 (5/1/15 email from Chalk to Ryzhkov).) These warnings, along with the Summons, Waiver of the Service of Summons, and subsequent service of the Requests for Entry of Default would have motivated any rational defendant, particularly one who now claims not to know anything about U.S. legal proceedings, to seek the advice of counsel as to the effect of entry of default. Defendants' conduct cannot conceivably amount to "excusable neglect" under any interpretation.

Defendants are not unsophisticated businesses. First, each is a U.S. corporation, so the fact that the companies' respective CEOs may reside outside the country should not serve as an excuse for not understanding U.S. law or for failing to retain an attorney who could explain it to them. Second, they have, or have had, business relationships with companies such as Samsung, Philips, D-Link, Honda, and another "200,000 clients worldwide." (Exhibits A, B, C and D to Hedrick Decl.) Defendants' "ignorance of the law" excuse therefore holds no water, whatsoever.

In fact, this case is not too dissimilar to *Clearwater 2007 Note Program, LLC v. Piell*, 2013 U.S. Dist. LEXIS 185121 (D. Idaho, Nov. 20, 2013). In that case, as here, there was no dispute that the Defendant had notice of the litigation and had been properly served with a summons that stated "a lawsuit has been filed against you," "you must serve an answer," and "[i]f you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint." *Id.* at [*10]-[*11]. Defendant in that case, one year after the complaint had been filed, argued the entry of default and default judgment should be set aside because, the Defendant argued, "he did not fully understand 'lender liability' and was not certain if he could defend against an Idaho lawsuit in Alabama." *Id.* at [*11].

The District Court in that case noted that the Defendant was "a sophisticated businessman" and had participated in previous litigation. (*Id.* at [*11]-[*13].) The Court further noted that the Defendant "had the wherewithal to manage a company with an ability to secure

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-6-

OPPOSITION TO MOTION TO VACATE DEFAULT    Case No. 3:15-cv-00691-JST

two loans, in the aggregate of about four million dollars, to fund a large commercial real estate project." (*Id.* at [*13]-[*14].) As a result, the Court found that the defendant's claims "that he does not understand lender liability or how to defend a case filed in another state are not remotely credible." (*Id.* at [*14].) In fact, the Court found this factor weighed so heavily in favor of denying the defendant's motion to set aside the entry of default and default judgment, that the Court did not see the need to even consider the other two factors. (*Id.* [*14]-[*15], *citing* additional cases with similar facts.)

Here, while it is not clear to what extent the Defendants have been involved in other U.S. litigation, it is abundantly clear that Defendants are sophisticated businesses, having set up three separate U.S. corporations and having 200,000 clients worldwide including large multi-national corporations such as Samsung, Philips and Honda. More importantly, Defendants knew they had an obligation to answer the complaint and that there were consequences for failing to do so. Why else would they have requested an extension of time to respond?

### 3. Defendants Wrongly Accuse Plaintiffs of Failing to Provide them Adequate Time to Consider Plaintiffs' Settlement Proposal.

While e.Digital does not believe it to be relevant to this Motion, Defendants appear to assert that e.Digital filed its Requests for Entry of Default prematurely while Defendants were waiting to translate e.Digital's proposed written settlement agreement. (ECF No. 58-3 at ¶ 3 and 54-1 at 2:17-19.) This allegation is plainly untrue. Exhibit A to the Declaration of Andrey Yudnikov is a series of emails between Defendants' admitted representative, Philipp Ryzhkov, and e.Digital's counsel, Pamela Chalk. (ECF No. 58-3 at pp. 5-19.) The exhibit begins with an email dated June 10, 2015 at 10:39 am, promising the return of e.Digital's proposed written settlement agreement[1] and continues with a succession of earlier emails in reverse chronological order through an email dated March 26, 2015. (*Id.* at pp. 5-18.)

Appended to the very end of the exhibit, completely out of chronological order, is an

---

[1] The email states "I was speaking with CEO in the [beginning] of the week and he advise that agreement will be sent to you on Tuesday morning 6/16 for sure," suggesting that e.Digital would receive a signed or at least reasonably modified agreement by June 16, 2015.

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-7-

OPPOSITION TO MOTION TO VACATE DEFAULT                    Case No. 3:15-cv-00691-JST

email that directly rebuts Defendants' insinuation that e.Digital rushed to file its Requests for Entry of Default. (*Id.* at p. 19.) That communication is an email dated June 16, 2015 – six days after the email at the beginning of the exhibit and eight days after notifying Plaintiff "[t]hey are translating and reviewing it at the moment." (*Id.* at pp. 5, 7, and 19.) In that June 16th email, Ryzhkov rejects e.Digital's only settlement proposal, suggesting that Defendants had already reviewed a translated version of the draft agreement. (Compare *id.* at pp. 5, 7, and 19) This email contradicts Defendants' assertion that e.Digital failed to provide them with time to translate and review e.Digital's licensing proposal. Furthermore, the Requests for Entry of Default were not filed until almost a month after the proposed agreement was sent to Defendants for review. (*Compare id.* at p. 8 *with* ECF Nos. 26-28.)

Moreover, in addition to the warnings clearly stated in the Summonses and the signed Waivers of the Service of Summons, counsel for e.Digital advised Defendants to obtain outside counsel and warned them at least four times in writing that they intended to seek entry of default. Defendants therefore cannot now feign surprise that their June 16, 2015 rejection of e.Digital's settlement terms resulted in the filing of Requests for Entry of Default.

In sum, the Summons served in March 2015 and the Waivers of Service personally executed by Messrs. Lavrov and Yudnikov, each explicitly warned Defendants of the consequence of failing to appear and respond to the Complaint filed against them. Defendants clearly understood the consequence and meaning of a "default" and "default judgment" based on their acknowledgment of receipt of the Summonses and Waivers and as evidenced by their request for an extension of time to respond to the complaint. Even if Defendants did not fully appreciate the concepts of "default" and "default judgment," they had approximately four months between the time the Summons and Complaint were received and the time of entry of default, and two months after e.Digital's counsel first warned of a potential entry of default (*see* May 1, 2015 email from Chalk to Ryzhkov, ECF No. 58-3 at p. 13), to retain counsel who could have explained those concepts to them.

### B.   PLAINTIFF WOULD BE PREJUDICED IF THE DEFAULT IS VACATED

Defendants have offered no valid excuse as to why they waited more than one year to

-8-

OPPOSITION TO MOTION TO VACATE DEFAULT                                   Case No. 3:15-cv-00691-JST

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

seek relief from the defaults entered against them.  As demonstrated above, Defendants' excuse that they are "not familiar with the American legal process or legal terminology" and "did not understand the meaning of the term 'default' …, 'default judgment' or the implications of the filing of the Request for Entry of Default" (ECF No. 54-2 at ¶¶ 2, 4; ECF No. 58-3 at ¶¶ 2, 4) are not credible.

Furthermore, while the CEOs of the respective companies base their alleged ignorance of the effect of default on their Russian citizenship/residency (*see* ECF Nos. 54-2, ¶ 2 and 54-3, ¶ 2), the person they appointed to handle discussions with e.Digital, Philipp Ryzhkov resides in California.  (*See* Exhibit A to Declaration of Gabriel G. Hedrick ("Hedrick Decl.") (LinkedIn Profile showing employment with Defendants in Irvine and San Francisco) and ECF No. 58-3 (emails from Ryzkhov reflecting direct dial telephone number with Oakland area code ("510")).)  Moreover, as discussed previously, Defendants are not unsophisticated businesses.  They have, or have had, business relationships with companies such as Samsung, Philips, D-Link, Honda, and another "200,000 clients worldwide."  (Exhibits A, B, C and D to Hedrick Decl.)  Defendants' "ignorance of the law" excuse therefore holds no water, whatsoever.

Defendants argue that they "assumed they would either be contacted regarding further settlement negotiations or receive notice of any developments in the litigation, prompting them to seek counsel. (ECF No. 54-1 at 2:24-26.)  However, Defendants offer no credible explanation as to why they would believe the case would sit stagnant for one year.  As shown previously, they knew they had to answer by a certain date or they would not have asked for an extension of time to answer.  They also knew that there was a pending Case Management Conference as e.Digital had notified them of the original hearing date, Judge Tigar's rescheduled date, and the continued hearing date and had advised them to retain counsel. (*See* ECF Nos. 21; 24 at p. 5; and 58-3 at pp. 8 (6/3/15 email to Ryzhkov), 10 (5/18/15 email to Ryzhkov), 14 (4/24/15 email to Ryzhkov).)  At no point, apparently, did Defendants attempt to appear for a Case Management Conference or inquire with Plaintiff's counsel as to the status of the Case Management Conference – one would presume because they understood the effect of the requests for entry of default.

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-9-

**OPPOSITION TO MOTION TO VACATE DEFAULT**                Case No. 3:15-cv-00691-JST

Defendants argue that they "did not receive the original or second Motion for Entry of Default Judgment, nor the interim order staying most of the case, and if they had, they would have consulted an attorney." (ECF No. 54-1 at 2:26-3:1.)  First, because Defendants had not appeared in the case at the time the default judgment motions were filed, they were not entitled to service of the motions or the subsequent orders.  *See* FRCP 55(b)(2) (requiring service of notice of an application for default judgment only where the defaulted party has appeared in the case).  Second, this statement renders hollow their contradictory statements that they did not retain an attorney because they did not understand the meaning of the term "default judgment." Why would service of the default judgment motions have prompted them to retain outside counsel if Plaintiff's counsel's earlier warnings did not?  Similarly, why did service of the Requests for Entry of Default not prompt them to hire outside counsel?  The answer is the same. They had no intention of participating in this lawsuit and simply hoped the matter would go away.  In light of the above, Defendants cannot credibly state that they "believed nothing was happening with the litigation" for one whole year.

Defendants also concede that they were reminded of the pendency of this litigation since approximately "mid-May of this year." (ECF Nos. 54-2 at ¶ 7.)[2]  Yet, Defendants waited until June 24th to file their motion for relief from their default. (ECF No. 54.)  Defendants' motion is barely more than seven pages long, only four of which consists of actual legal argument. (ECF No. 54-1 at 5:1-8:26.)  There is simply no reason that the motion could not have been prepared and filed earlier than June 24th.  One-and-a-half months is not "prompt" given the circumstances.

Defendants have flouted this Court's jurisdiction since the inception of this case and have willfully ignored this litigation until faced with the prospect of injunctive relief on e.Digital's motion for default judgment.  As a result, e.Digital and its counsel have expended substantial time and resources in researching and preparing its motions for default judgment, responding to related Court orders, and in responding to Defendants' pending motions.  Vacatur of Defendants'

---

[2] Mr. Lavrov appears to have waited approximately two weeks to notify Mr. Yudnikov that he was "reminded" of the litigation. (Compare ECF No. 54-2 at ¶ 7 ("mid-May") with ECF No. 58-3 at ¶7 ("early June").

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-10-

OPPOSITION TO MOTION TO VACATE DEFAULT                    Case No. 3:15-cv-00691-JST

defaults would further prejudice e.Digital by further delaying any relief to which it is entitled.

Defendants should not be permitted to continue to delay resolution of this case. Any order granting relief to Defendants on this motion would simply reward Defendants for cavalierly ignoring this case for over a year and denying e.Digital a just and speedy resolution of its case.

To the extent the Court is inclined to vacate Defendants' defaults, e.Digital respectfully requests that any such order be conditioned upon Defendants reimbursing e.Digital for the time, fees and expenses associated with seeking Defendants' defaults, filing motions for default judgment, responding to the Court's orders related to same, and for responding to this motion, which time, fees and costs are documented in the Declaration of Gabriel Hedrick filed herewith. Other Courts have imposed similar conditions. *See*, *e.g.*, *United States Fid. & Guar. Co. v Petroleo Brasileiro S.A.*, 220 F.R.D. 404, 407 (S.D.N.Y. 2004) (conditioning vacatur of default and default judgment on payment of plaintiffs' costs and attorneys' fees to avoid undue prejudice and referring determination of costs and fees to Magistrate Judge); *Capital Yacht Club v. Vessel Aviva*, 228 F.R.D. 389, 394-395 (D.D.C. 2005) ("In determining whether to exercise its discretion to set aside a default, … a district court has inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party") (internal quotations and citations omitted); *McCraney v. High Desert Neurology, Inc. (In re McCraney)*, 439 B.R. 188, 200 (D.N.M. 2010) (court can remedy prejudice caused by incurred attorneys fees and delay by conditioning default relief on payment of fees).

**C.   THE MERITS OF DEFENDANTS' DEFENSES ARE SPECULATIVE AT BEST**

Defendants argue they have a meritorious defense based on the Patent Trial and Appeal Board having granted a petition for *inter partes* review of claim 17 of e.Digital's U.S. Patent No. 8,311,522 ("the '522 patent"), from which dependent claims 22 and 23 (the claims at issue in e.Digital's motion for default judgment) depend. (ECF No. 54-1 at 6:13-8:7.) However, as this Court has recognized, no review has been requested or granted as to claims 22 and 23 of the '522 patent. In addition, the decision to grant a petition for *inter partes* review only measures whether

-11-
OPPOSITION TO MOTION TO VACATE DEFAULT                                   Case No. 3:15-cv-00691-JST

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

the petitioner has established a *prima facie* case of invalidity.  While e.Digital was afforded an opportunity to respond to the Petition, at the time of the opposition and the decision granting the petition, the scope of e.Digital's opposition was limited.  For example, at the time of the opposition and subsequent decision, the applicable rules prohibited patent owners from submitting expert testimony at the pre-institution stage, including with its preliminary response to the petition.[3]  Thus, while the decision to grant the petition demonstrates that the petitioner had set forth a *prima facie* case of invalidity, it does not suggest that the challenged claims are in fact invalid and certainly does not suggest that claims that are *not* subject to the petition are invalid.  Defendants' assertion that it has a meritorious invalidity defense based on the PTAB's decision to grant review of certain claims of the '522 patent should therefore be accorded little weight, particularly in light of the other facts discussed in the previous sections of this brief.

Defendants also conclusorily assert that, "as foreign/out of state entities who advertise and offer their products and services on a national and international basis, versus directing their products specifically into the stream of commerce in California, Defendants also have a meritorious defense against the exercise of personal jurisdiction in this Court." (ECF No. 54-1 at 8:2-5.)  This contention is both factually and legally incorrect.

First, there is no legal basis for Defendants' argument that sales and advertising on a national basis somehow precludes personal jurisdiction in California (or any other State in which

---

[3] *See* 37 CFR 42.108(c).  This rule was amended on or about April 1, 2016 as follows, with the amended language underlined:

> (c) Sufficient grounds. *Inter partes* review shall not be instituted for a ground of unpatentability unless the Board decides that the petition supporting the ground would demonstrate that there is a reasonable likelihood that at least one of the claims challenged in the petition is unpatentable. The Board's decision will take into account a patent owner preliminary response where such a response is filed<u>, including any testimonial evidence, but a genuine issue of material fact created by such testimonial evidence will be viewed in the light most favorable to the petitioner solely for purposes of deciding whether to institute an *inter partes* review</u>. A petitioner may seek leave to file a reply to the preliminary response in accordance with §§42.23 and 42.24(c). Any such request must make a showing of good cause.

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-12-

OPPOSITION TO MOTION TO VACATE DEFAULT    Case No. 3:15-cv-00691-JST

the products may be sold or advertised).  In fact, the low bar for establishing personal jurisdiction was recently confirmed by the Federal Circuit in *In re TC Heartland LLC*, 2016 U.S. App. LEXIS 7753 at [13]-[15] (Fed. Cir. 2016), which reaffirmed the Court's earlier holding in *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994) that "sufficient minimum contacts with the forum was met where a non-resident defendant purposefully shipped accused products into the forum through an established distribution channel and the cause of action for patent infringement was alleged to arise out of those activities."

Second, as e.Digital's motion for default judgment demonstrates, Defendants have significant contacts within this State which warrant the exercise of personal jurisdiction, including registration to do business in this State, sales in this state, and choice of law/jurisdiction provisions in its agreements with customers.  Defendants' employee, Mr. Ryzhkov, also appears to maintain an office for Defendants in California.  (Ex. A to Hedrick Decl. (showing current "Oco Group" location in Irvine, California and iVideon location in "San Francisco Bay Area"); ECF No. 58-3, Ex. A (reflecting a phone number for Ryzhkov with an Oakland area code).)  Any objection Defendants may have to jurisdiction in California therefore has no merit.

Finally, even if the Court finds that Defendants may have a meritorious defense, this factor should not outweigh the first two factors discussed above, which weigh in favor of denying Defendants' motion.  *See Cassidy v. Tenorio, supra*, 856 F.2d at 1415 ("tripartite test is disjunctive" and any one of the factors may justify a refusal to vacate default); *see also Franchise Holdings*, 375 F.3d at 926; *Brandt v. American Bankers Ins. Co. of Florida, supra*, 653 F.3d at 1111.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that Defendants' motion be denied.  To the extent the Court may be inclined to grant Defendants' motion, Plaintiff respectfully requests that the Court impose a condition on Defendants requiring them to reimburse Plaintiff for its time, fees and expenses incurred as a result of Defendants' default or whatever the Court deems just and reasonable under the circumstances.

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-13-
**OPPOSITION TO MOTION TO VACATE DEFAULT**   Case No. 3:15-cv-00691-JST

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | Respectfully submitted. |
| 2 |   |   | HANDAL & ASSOCIATES |
| 4 | Dated: July 8, 2016 | By: | /s/ Gabriel G. Hedrick |
|   |   |   | Gabriel G. Hedrick |
|   |   |   | Attorneys for Plaintiff |
|   |   |   | e.DIGITAL CORPORATION |

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-14-

*OPPOSITION TO MOTION TO VACATE DEFAULT*   Case No. 3:15-cv-00691-JST

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on this date to all counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed this 8th day of July 2016 at San Diego, California.

/s/ Gabriel G. Hedrick

Gabriel G. Hedrick

*HANDAL & ASSOCIATES*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-15-

*OPPOSITION TO MOTION TO VACATE DEFAULT*   Case No. 3:15-cv-00691-JST