UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.DIGITAL CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>IVIDEON LLC, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-00691-JST<br><br>**ORDER GRANTING MOTION TO VACATE ENRTY OF DEFAULT**<br><br>Re: ECF No. 54 |

Before the Court is Defendants' Motion to Vacate Entry of Default. ECF No. 54. The Court will grant the motion.

## I.　BACKGROUND

On February 13, 2015, Plaintiff e.Digital Corporation ("e.Digital") filed a patent infringement complaint against Defendants Ivideon LLC ("Ivideon"), Global Innovations, and New Sight Devices Corp ("New Sight Devices"). ECF No. 1. e.Digital served the Complaint on Ivideon LLC and Global Innovations on March 5, 2015. ECF Nos. 12, 17. On March 27, 2015, New Sight Devices filed a waiver of the service of summons. ECF No. 18.

Because no defendant appeared to answer the Complaint, e.Digital filed motions for entry of default against Ivideon, Global Innovations, and New Sight Devices on June 30, 2015 and July 1, 2015. ECF Nos. 26, 27, 28. On July 2, 2015, the Clerk entered default as to each Defendant. ECF No. 29.

On September 29, 2015, e.Digital filed a motion for default judgment. ECF No. 34. The Court subsequently ordered e.Digital to show cause why the case should not be stayed pending inter partes review of the patents-in-suit. ECF No. 43. After receiving e.Digital's response to the order to show cause, on March 22, 2016, the Court issued an order staying the case in part and denying e.Digital's motion for default judgment without prejudice. ECF No. 45. The Court

1  concluded "that Plaintiff has not provided the Court with sufficient information from which the
2  Court could grant Plaintiff's motion for default judgment regarding claims 22 and 23 of the '522
3  patent." Id. at 2.

4  On June 10, 2016, e.Digital filed a second motion for default judgment. ECF No. 48.
5  Thirteen days later, on June 23, 2016, an attorney made an appearance for the first time for
6  Defendants Ivideon, Global Innovations, and New Sight Devices. ECF No. 52. The next day,
7  Defendants filed a motion to vacate entry of default, ECF No. 54, which motion this Court now
8  considers.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "[W]hile the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context," as where no judgment has been entered, "there is no interest in the finality of the judgment with which to contend." United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010).

In assessing whether to set aside a default for good cause, a court looks to whether "(1) the plaintiff would be prejudiced if the judgment is set aside, (2) [the] defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." In re Hammer, 940 F.2d 524, 525–26 (9th Cir. 1991)). The Ninth Circuit has consistently emphasized that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). "[W]here there has been *no* merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

## III. ANALYSIS

### A. Prejudice to Plaintiff

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case," as "being forced to litigate on the merits" is not considered

2

prejudice. TCI, 244 F.3d at 701. Examples of prejudice that courts have concluded weigh against the setting aside of a default include "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Id. (quoting Thompson v. Am. Home Assur. Co., 95 F.3d 429, 433–34 (6th Cir. 1996)). Because e.Digital has identified no such prejudice that would result from the Court's setting aside default, this factor weights in favor of granting Defendants' motion. See ECF No. 62 at 13–14 ("Vacatur of Defendants' defaults would further prejudice e.Digital by further delaying any relief to which it is entitled.").[1]

### B. Potentially Meritorious Defenses

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." TCI, 244 F.3d at 700. Still, "the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." Id. At this stage, the Court need not determine definitively whether any of Defendant's defenses would be successful. Rather, the Court asks only whether "some possibility exists that the outcome of the suit after a full trial would differ from the result reached by the default." Hutchings v. Snell & Co., LLC, No. 09-cv-4680-JCS, 2010 WL 1980165, at *4 (N.D. Cal. Apr. 23, 2010) report and recommendation adopted sub nom. Hutchins v. Snell & Co., LLC, No. 09-cv-04680-JSW, 2010 WL 1980162 (N.D. Cal. May 17, 2010) (citing Sokolsky v. Voss, No. 07-cv-00594, 2009 WL 2705741, at *3 (E.D. Cal. Aug. 25, 2009)).

The Court finds that Defendants have raised a potentially successful invalidity defense. As Defendants argue, claims 22 and 23 of U.S. Patent No. 8,311,522 ("the '522 patent")—the only claims as to which litigation has not been stayed pending *inter partes* review—are dependent on claim 17. ECF No. 54-1 at 6. On December 22, 2015, the United States Patent and Trademark Office instituted an *inter partes* review of claim 17 of the '522 patent. See e.Digital Corporation v. Dropcam, Inc., No. 14-cv-4922, ECF No. 83-13 at 17 (N.D. Cal.) (filed July 1, 2014). In so

---

[1] e.Digital argues that it has "expended substantial time and resources in researching and preparing its motions for default judgment, responding to related Court orders, and in responding to Defendants' pending motions." ECF No. 62 at 13. While this fact may be relevant to the Court's decision whether to order Defendants to reimburse e.Digital for attorneys' fees as a condition of vacating default, e.Digital cites no authority for the proposition that the expenditure of resources supports a finding of prejudice.

ruling, the administrative law judge concluded that "there is a reasonable likelihood that Petitioner would prevail in showing that" claim 17 is unpatentable under 35 U.S.C. § 103 for obviousness. Id. at 16–17. While this ruling does not necessarily mean that claim 17 of the '522 patent will be found to be invalid for obviousness, let alone claims 22 and 23, the Court concludes that the administrative law judge's decision supports a finding that "some possibility exists that the outcome of the suit after a full trial would differ from the result reached by the default." Hutchings, 2010 WL 1980165, at *4. As a result, this factor weighs in favor of granting Defendants' motion.

### C. Defendant's Culpable Conduct

Finally, "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." TCI, 244 F.3d at 697. However, the Ninth Circuit has cautioned that the definition of "intentional" in this context differs from that used in other areas of the law, such as tort law. Id. In the default context, "the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" Mesle, 615 F.3d at 1092 (quoting TCI, 244 F.3d at 697).

Defendants assert that they are not culpable for the entry of default because they are "Russian nationals and residents unfamiliar with the American legal process or the implications of a 'default.'" ECF No. 54-1 at 5. Defendants contend that they "participat[ed] in good faith settlement negotiations [with Plaintiff] and, after Plaintiff stopped communicating, assumed no further action was needed until further notice." Id. at 6. According to Defendants, "[i]t was only in May 2016, in consultation with corporate counsel on an unrelated matter, that Defendants were apprised of the entry of default and the risk of an automatic judgment in favor of Plaintiiff." Id. "As soon as Defendants became aware of the problem, they immediately sought litigation counsel, who then acted promptly on their behalf to remedy the default." Id.

e.Digital responds that "Defendants had actual notice of the litigation, knew that they were

required to file an answer, and intentionally failed to do so." ECF No. 62 at 7. According to e.Digital, Defendants' intentional failure to answer the Complaint is evidenced by the fact that Defendants signed a waiver of service of summons, stating that Defendants understood that they "must file and serve an answer or a motion under Rule 12 within 60 days from [March 4, 2015] . . . ." ECF No. 18–20. Defendants do not contest that they signed waivers of service of summons, ECF No. 63, but instead emphasize that "[t]he fact that none of the individuals acting on behalf of Defendants had any previous involvement in a U.S. lawsuit" militates in favor of finding a lack of culpable conduct, id. at 3.

The Court concludes that Defendants' had actual notice of the Complaint, but that their decision not to respond to the Complaint does not constitute culpable conduct because they appear to have simply "made a conscious choice not to answer." TCI, 244 F.3d at 697.  e.Digital has not presented the Court with any evidence that Defendants "acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" Mesle, 615 F.3d at 1092 (quoting TCI, 244 F.3d at 697).

Ultimately, because all three factors support vacating default, the Court grants Defendant's motion.

### D. Conditions on Vacating Default

"To the extent the Court is inclined to vacate Defendants' defaults, e.Digital . . . requests that any such order be conditioned upon Defendants reimbursing e.Digital for the time, fees and expenses associated with seeking Defendants' defaults, filing motions for default judgment, responding to the Court's orders related to same, and for responding to this motion." ECF No. 62 at 14. In total, e.Digital seeks approximately $75,000 in attorneys' fees. See ECF No. 62-1 ¶ 9. Defendants do not oppose the request except as to the amount. ECF No. 63 at 4–5.

"[R]easonable conditions may be imposed in granting a motion to vacate a default judgment." Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1546 (9th Cir. 1988). "The condition most commonly imposed is that the defendant reimburse the plaintiff for costs incurred because of the default." Id. Here, the Court concludes that requiring Defendants to pay e.Digital's attorneys' fees related to prosecuting this action in the

absence of Defendants is warranted, especially given that Defendants had actual notice of the Complaint. Accordingly, the Court will order Defendants to pay e.Digital's attorneys' fees as a condition of vacating default. However, because the Court concludes that a significant portion of the time expended by e.Digital's counsel could have been avoided by filing a comprehensive motion for default judgment in the first instance,[2] the Court finds that Defendants should reimburse e.Digital $25,000 in attorneys' fees, as a condition for vacating default.

## CONCLUSION

The Court grants Defendants' motion to vacate default on the condition that Defendants pay e.Digital $25,000 in attorneys' fees. Should Defendants fail to reimburse e.Digital within 30 days from the date of filing of this order, e.Digital may file a renewed motion for the entry of default judgment against Defendants. Because the Court has granted Defendants' motion to vacate default, the Court denies e.Digital's Motion for Default Judgment, ECF No. 48, as moot.

IT IS SO ORDERED.

Dated: September 9, 2016

_____
JON S. TIGAR
United States District Judge

---

[2] See ECF No. 34 (original motion for default judgment), ECF No. 41 (Order to Show Cause re: personal jurisdiction), and ECF No. 45 (Order denying motion for default judgment without prejudice).